542 P.2d 20
**STATE of Arizona, Appellee,**
**v.**
**Luther Dwon YOUNG, Appellant.**
**No. 3228.**

Supreme Court of Arizona,
En Banc.
Nov. 10, 1975.

Rehearing Denied Dec. 2, 1975.

**362**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Former Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Luther Dwon Young was charged with the crimes of rape and attempted robbery, and a prior conviction was alleged. A plea agreement was made in accord with which Young pled guilty to rape; the other charge and allegation were dismissed. Young was sentenced to serve from 75 to 99 years in the Arizona State Prison. He now appeals and this court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

■ Prior to his plea of guilty, Young underwent an examination by two court-appointed psychiatrists. The matter of his competency was submitted to the trial court on the basis of the medical reports and the trial judge found Young to be competent "in all respects under Rule 11 [1973 Rules of Criminal Procedure]." The appellant now claims that the trial court erred in not making a specific determination that Young was competent to plead guilty. We have recently decided this issue and have held that if the defendant is found competent within the meaning of Rule 11 and if the trial court finds that the defendant makes his plea of guilty in accord with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), then we will not in all circumstances require that a specific determination of competency to plead guilty be made. *State v. Contreras,* Ariz., 542 P.2d 17 (filed November 6, 1975). In this case, both psychiatrists agreed that Young was not only competent to stand trial in being able to understand the nature of the proceedings against him and to aid counsel, but that he was able to plead guilty having an understanding of his constitutional rights. These reports were before the trial judge when he made his determination that Young's plea of guilty was voluntarily and intelligently made. A separate hearing was not necessary.

■ Rule 17.2, 1973 Rules of Criminal Procedure, requires that the defendant be

informed of the nature of the charge to which he pleads guilty. This is in accord with due process. *State v. Howell,* 109 Ariz. 165, 506 P.2d 1059 (1973). Young contends that he was unaware that he was pleading guilty to first degree rape, the plea agreement not stating the degree charged. Young need not have been advised of the specific legal elements of the offense charged, but only the factual elements which established the proper degree of the crime. *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (1975); *State v. Lewis,* 107 Ariz. 163, 483 P.2d 1402 (1971). Young admitted to sexual intercourse with the named victim against her will by force. There could be no doubt that the victim was above the age of 18; she was 69. The sentence of which Young was informed was that for first degree rape. ARS § 13–611, § 13–614. The trial judge committed no error in that regard nor did he commit error in not advising Young of the collateral provisions of ARS § 13–1271 et seq. requiring the registration of sex offenders. A defendant need not be informed of a collateral effect of a conviction. *State v. Rodriguez,* 17 Ariz.App. 553, 499 P.2d 167 (1972), *review denied* October 10, 1972. He must only be informed of "any special conditions regarding sentence, parole or commutation imposed by statute." Rule 17.2, 1973 Rules of Criminal Procedure.

The appellant was not sentenced until 45 days after his plea of guilty was accepted. Rule 26.3, 1973 Rules of Criminal Procedure, provides that sentence shall not be pronounced more than 30 days after the determination of guilt. The time limit is not jurisdictional. *State v. Smith,* Ariz., 540 P.2d 680 (filed October 1, 1975). In this case, the appellant made no objection to a continuance and has shown no prejudice. *State v. Smith, supra.*

Finally, Young argues that the sentence is excessive. The sentence is within statutory limits and considering the past record of the appellant and the circum-

stances of the crime, we do not find that the judge abused his discretion.

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.