**In the Matter of B.G.M.**

**No. 06–96–00036–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Aug. 30, 1996.

Decided Aug. 30, 1996.

Clarice Attaway Allen, Texarkana, for appellant.

Randal Lee, Criminal District Attorney, Linden, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

STARR, Justice.

This is a case of first impression involving sexual offender registration. Appellant, a thirteen-year-old juvenile at the time of the alleged conduct, entered into a plea of true to three counts of delinquent conduct under TEX. FAM.CODE ANN. § 54.03 (Vernon 1996). The charges consisted of two counts of aggravated sexual assault and one count of sexual assault, all involving children as victims. Nonjury adjudication and disposition hearings were conducted on January 8, 1996.

Appellant presents two points of error on this appeal. In his first point, appellant contends that the trial court failed to admonish him under the Sexual Offender Registration Program, TEX.REV.CIV. STAT. ANN. art. 6252–13c.1 (Vernon Supp.1996), and TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1996) [in this juvenile proceeding we will take this Article 26.13 contention as intending to refer to admonishments required by TEX. FAM.CODE ANN. § 54.03(b) ] as a part of his plea adjudication and disposition.

In his second point, appellant contends that the trial court erred in denying his motion for new trial grounded upon the involuntariness of his plea. In this regard, appellant specifically contends that registration as a sexual offender under the Sexual Offender Registration Program was additional punishment, as to which he was not informed and would not have accepted voluntarily.

We must first consider the nature and ramifications of the statutory provisions of the Sexual Offender Registration Program requiring a court to inform a person subject to registration of his duty to register. TEX. REV.CIV. STAT. ANN. art. 6252–13c.1, § 2(d) [Acts 1995, 74th Leg., ch. 676, § 1] provides:

> (d) On the day a court pronounces a sentence of ... juvenile probation ... or other disposition for a person who is subject to registration under this article, the court shall:
>
> (1) inform the person of the person's duty to register under this article....

■ Is this an aspect of "the nature and possible consequences of the proceedings" which a juvenile court judge is required to explain to a child and his parent at the beginning of an adjudication hearing under Article 54.03 of the Texas Family Code? If so, it is mandatory. *W.J.M.A. v. State*, 602 S.W.2d 397 (Tex.Civ.App.—Beaumont 1980, no writ). Failure of the trial judge to give a mandatory admonishment is reversible error. *In re O.L.*, 834 S.W.2d 415 (Tex.App.—Corpus Christi 1992, no writ) (discussing necessity to admonish juvenile that juvenile court adjudication is admissible in subsequent criminal proceedings). Appellant has cited no case, and we have found none, adding the compulsory information provisions of the Sexual Offender Registration Program to the admonishments required of a juvenile judge before proceeding with an adjudication hearing.

In looking at other Texas decisions applying Article 54.03(b) of the Texas Family Code, we find that they speak of the mandatory admonishment requirements as being "intended to apprise a juvenile of his most basic, fundamental rights." *In re A.L.S.*, 915 S.W.2d 114, 116 (Tex.App.—San Antonio 1996, no writ); *In re T.F.*, 877 S.W.2d 81 (Tex.App.—Houston [1st Dist.] 1994, no

writ); *In re I.G. v. State,* 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no writ). In our search, we find that the cases apply the enumerated items listed in Article 54.03(b) in specific ways related to the express language of the statute rather than to any generalized concept of "consequences."

The Sexual Offender Registration Program clearly applies to juveniles. It refers specifically to "an adjudication of delinquent conduct" in its definition section. It discusses registration in terms of "reportable adjudications." It refers specifically to "juvenile probation." It seems clear that if the 74th Legislature [Acts 1995, 74th Leg., ch. 676, § 1] intended for the juvenile judge to include sexual offender registration in the Article 54.03(b) admonishments which must be given before beginning an adjudication hearing, the Sexual Offender Registration Program [Art. 6252–13c.1, § 2(d)] would not be keyed to "the day a court pronounces sentence." Adjudication hearings precede disposition hearings, which are not necessarily conducted on the same day. In adult cases, sentence is often pronounced much later than the date of the hearing of the guilty plea.

We now look to the decisions of other jurisdictions. The most thorough and exhaustive discussion of sexual offender registration law (commonly referred to as "Megan's Law") appears in the case of *Doe v. Poritz,* 142 N.J. 1, 662 A.2d 367 (1995). After observing that registration statutes for sexual offenders have almost universally been sustained in the face of attacks, the court stated its conclusions thusly:

> Our review of the law leads to the following conclusions: a statute that can fairly be characterized as remedial, both in its purpose and implementing provisions, does not constitute punishment even though its remedial provisions have some inevitable deterrent impact, and even though it may indirectly and adversely affect, potentially severely, some of those subject to its provisions.

There is a division of authorities from other jurisdictions as to whether failure to admonish a defendant on his duty to register as a sexual offender invalidates his guilty plea. Only the State of California affords cases holding that registration is a direct consequence of the plea requiring admonishment. *In re Birch,* 10 Cal.3d 314, 110 Cal.Rptr. 212, 515 P.2d 12 (1973); *but see People v. McClellan,* 6 Cal.4th 367, 24 Cal.Rptr.2d 739, 862 P.2d 739 (1993). The States of Arizona, Illinois, New Jersey, and Washington take the view that a duty to register imposed pursuant to a criminal registration statute is a collateral consequence of a guilty plea, and therefore a trial court does not have a duty to inform the accused of the duty to register prior to acceptance of the plea. *State v. Young,* 112 Ariz. 361, 542 P.2d 20 (1975); *People v. Taylor,* 203 Ill.App.3d 636, 149 Ill.Dec. 115, 561 N.E.2d 393 (1990); *Doe v. Poritz, supra; State v. Ward,* 123 Wash.2d 488, 869 P.2d 1062 (1994); *State v. Perkins,* 108 Wash.2d 212, 737 P.2d 250 (1987).

An illustrative case of the majority viewpoint is *State v. Clark,* 75 Wash.App. 827, 880 P.2d 562 (1994). That case holds that the due process rights of a sexual offender were not violated when the trial court failed to advise him before accepting his guilty plea that he would be required to register under the state's sexual offender registration statute. At the time of the acceptance of the plea, it was required by a statute of the State of Washington that written notice of registration requirements be provided to the accused at the time of the acceptance of the plea. In the court's view, the proper due process remedy was not to allow withdrawal of the guilty plea, but rather to provide actual notice of the registration requirements.

In the absence of an authoritative Texas case requiring us to do so, we are unwilling to expand the list of Article 54.03(b) juvenile trial judge preadjudication admonishments to include by implication registration under the Sexual Offender Registration Program. It is our holding that neither that statute [TEX.REV.CIV. STAT. ANN. art. 6252–13c.1] nor the Family Code [TEX. FAM.CODE ANN. art. 54.03(b)] expressly calls for it or requires it. To the contrary, the plain language of the statutes conveys a different intent. We hold the Sexual Offender Registration Program to be remedial rather than punitive and the consequences of registration

to be collateral rather than direct. We overrule appellant's first point of error.

The remaining question is whether the trial court erred by denying appellant's motion for new trial. The standard of review of a trial court's denial of a motion for new trial is abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 808–09 (Tex.1983). "The inquiry [is] not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion." *Jackson*, 660 S.W.2d at 809, quoting *San Antonio Gas Co. v. Singleton*, 24 Tex. Civ.App. 341, 59 S.W. 920, 922 (1900, writ ref'd). Every reasonable presumption will be made on review in favor of orders of the trial court refusing new trials. *Id.*

The trial court had the task of reviewing the evidence submitted. The evidence, which is not questioned as to legal or factual sufficiency, does not support appellant's contention that he was not informed of sexual offender registration requirements at or before the time of sentencing (i.e., disposition), although his own testimony at the motion for new trial is to the contrary. The trial court had competent evidence before it from which it could conclude that the requirements of the Sexual Offender Registration Program were met and that appellant was actually made aware of its requirements. In such a case, we cannot conclude that the court abused its discretion by denying the motion for new trial.

The judgment of the trial court is affirmed.