1997 ND 71

STATE of North Dakota, Plaintiff and Appellee,

v.

Jad Karter BREINER, Defendant and Appellant.

Criminal No. 960298.

Supreme Court of North Dakota.

April 22, 1997.

Brian David Grosinger, Assistant State's Attorney, Mandan, for plaintiff and appellee.

Robert Wade Martin, Bismarck, for defendant and appellant.

MESCHKE, Justice.

[¶ 1] Jad Karter Breiner appealed an order denying his motion to withdraw his plea of guilty to a charge of corrupting a minor. We hold the trial court's failure to inform Breiner that he must register as a sexual offender caused a manifest injustice so the court abused its discretion in denying withdrawal of Breiner's guilty plea. We reverse and remand with instructions.

[¶ 2] Breiner was charged with a class A misdemeanor for violating NDCC 12.1–20–05 by engaging in a sexual act with a minor between the ages of 15 and 18. On May 1, 1996, Breiner's counsel moved to allow Breiner to enter a guilty plea. The court then informed Breiner of his statutory and constitutional rights and inquired to determine whether Breiner's change in plea was voluntary. The court explained to Breiner that the charge was a class A misdemeanor with a maximum penalty of one year in jail and a $1,000 fine. Before accepting the guilty plea, however, the court did not inform Breiner that under NDCC 12.1–32–15 he must register as a sexual offender for the next ten years.

[¶ 3] The court accepted Breiner's guilty plea and sentenced him to 12 months imprisonment but suspended six months during two years of supervised probation. The registration requirement was not spelled out in the judgment nor in any other court record.

[¶ 4] Breiner claims he first learned about the registration requirement from State Penitentiary officials when he was imprisoned. On June 15, 1996, Breiner wrote the trial court, stating,

> ... the problem is sir, that no-one [sic] told me that I would have to registar [sic] as a sex offender, and under that reason alone I would have not plead guilty without a change by the States [sic] attorney or by going to trial. So I would please like a court appointed attorney so that I can have help in removing my plea of guilty. Which would not have been made if all of the undisclosed parts of the sentencing would have been known.

Shortly, Breiner's attorney formally moved to withdraw his guilty plea. The trial court concluded Breiner failed to show manifest injustice in the court's acceptance of the guilty plea, and denied the motion. Breiner appealed.

[¶ 5] Criminal procedure permits a defendant to withdraw a guilty plea when it "is necessary to correct a manifest injustice." N.D.R.Crim.P. 32(d). The determination of manifest injustice is ordinarily within the trial court's discretion, and will be reversed on appeal only for an abuse of discretion. *State v. Boushee,* 459 N.W.2d 552, 556 (N.D. 1990). An abuse of discretion under the rule occurs when the court's legal discretion is not exercised in the interests of justice. *State v. Trieb,* 516 N.W.2d 287, 290–291 (N.D.1994). As *State v. Gunwall,* 522 N.W.2d 183, 185 (N.D.1994), explains, a manifest injustice includes procedural errors by the sentencing court.

[¶ 6] Breiner claims the trial court's procedural error resulted in a manifest injustice when it did not tell him at his plea that the sexual-offender-registration requirement would apply to him. Criminal procedure directs the trial court to address a pleading defendant personally to inform him of the consequences of a guilty plea, to insure that the plea is voluntary, and to establish the factual basis for the plea.

> The court may not accept a plea of guilty without first, by addressing the defendant personally ... in open court, informing the defendant of and determining that the defendant understands the following:
>
> \*  \*  \*  \*  \*  \*
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered....

N.D.R.Crim.P. 11(b). As precedents like *State v. Dalman*, 520 N.W.2d 860, 863 (N.D. 1994), and *Houle v. State*, 482 N.W.2d 24, 30 (N.D.1992), explain, before a plea under Rule 11(b), the sentencing court must inform a defendant of all direct consequences of the plea, but need not advise him of collateral consequences.

[¶ 7] Registration as a sexual offender is a collateral, not a direct, consequence of a conviction, many appellate courts have concluded, so that a sentencing court's failure to advise the defendant about it is not grounds for withdrawal of the guilty plea. *See, e.g., Matter of B.G.M.*, 929 S.W.2d 604, 606–607 (Tex.App.1996); *Johnson v. State*, 922 P.2d 1384, 1387 (Wyo.1996); *State v. Ward*, 123 Wash.2d 488, 869 P.2d 1062, 1075 (1994); *State v. Young*, 112 Ariz. 361, 542 P.2d 20, 22 (1975); *see also* Annot., *State Statutes or Ordinances Requiring Persons Previously Convicted of Crime to Register With Authorities*, 36 A.L.R.5th 161, § 9 (1996). This majority view reasons that laws requiring a sexual offender to register are largely remedial, not punitive, and are designed to facilitate law enforcement and to protect children.

[¶ 8] In contrast, California holds that sexual offender registration is a direct consequence of conviction and that the sentencing court must advise a defendant of the requirement before accepting the guilty plea. *People v. McClellan*, 6 Cal.4th 367, 24 Cal. Rptr.2d 739, 745, 862 P.2d 739 (1993) ("error has occurred when the trial court fails to advise a defendant that, as a consequence of [a] plea of guilty ... the defendant must register as a sex offender."); *see also In re Birch*, 10 Cal.3d 314, 110 Cal.Rptr. 212, 216, 515 P.2d 12 (1973). We are persuaded by the California Supreme Court's rationale that the registration requirement imposes a grave, and even onerous, additional punishment, especially for a misdemeanor offense:

> [I]n view of the unusual and onerous nature of the sex registration requirement that follows inexorably from a conviction ... the trial court's duty surely included an obligation to advise petitioner of this sanction prior to accepting his guilty plea.
>
> \*  \*  \*  \*  \*  \*
>
> While petitioner possibly might have suspected that a guilty plea could result in a short jail sentence, we cannot believe that he was aware that as a consequence of urinating in a parking lot at 1:30 in the morning he would be required to register as a *sex offender*. Certainly counsel would have advised him of this grave and direct consequence of his guilty plea; in the absence of counsel the responsibility for such advice rested with the court. Without this advice, we conclude that petitioner's waiver of counsel and plea of guilty cannot be regarded as having been knowingly and intelligently made.

*Birch*, 110 Cal.Rptr. at 216–217, 515 P.2d 12. (Emphasis original). This reasoning corresponds to the statutory obligation of the sentencing court expressed in our North Dakota registration law.

[¶ 9] Whatever the remedial aspect of our sexual offender registration law, our Legislature clearly imposed a duty on the sentencing court to inform a pleading defendant about this consequence of the conviction:

> After a person has pled guilty to or been found guilty of a crime against a child or an attempted crime against a child, or after a person has pled guilty or been found guilty as a sexual offender, *the court shall impose, in addition to any penalty provided by law, a requirement that the*

*person register*, within ten days of coming into a county in which the person resides or is temporarily domiciled, with the chief of police of the city or the sheriff of the county if the person resides in an area other than a city. *The court shall require a person to register by stating this requirement on the court records.*

NDCC 12.1–32–15(2). (Emphasis added). The registration requirement must be stated "on the court records." This statutory duty of the sentencing court corresponds with the court's procedural duties under N.D.R.Crim.P. 11 to inform the defendant of possible punishments.

[¶ 10] The sentencing court here neither asked Breiner if his counsel had told him about the requirement, nor advised Breiner of the registration requirement on the record. The court also failed to express the requirement in the judgment of conviction or court records, as required by law.

[¶ 11] While in prison, Breiner wrote the court he was not "told" about the registration requirement until prison officials did. If Breiner did not know about the requirement, we believe the trial court's failure to advise Breiner of it at the plea and its subsequent failure to place the requirement in the sentencing records or judgment of conviction resulted in a manifest injustice. We conclude, therefore, the trial court abused its discretion in denying Breiner's motion to withdraw his guilty plea.

[¶ 12] Breiner was represented by counsel at the plea hearing. While a defense counsel need not inform a client "of every conceivable nuance of pleading guilty," *State v. Dalman*, 520 N.W.2d at 864, an attorney has a duty to inform a client about relevant consequences of the charge and a plea so that the client can make informed decisions. *City of Fargo v. Bommersbach*, 511 N.W.2d 563, 566 (N.D. 1994). This record does not show whether Breiner's counsel had advised him before the plea and sentence about the sex-offender-registration requirement.

[¶ 13] On remand, the trial court may hold an evidentiary hearing on whether Breiner, before pleading guilty, knew about the sexual-offender-registration requirement, notwithstanding the court's failure to advise him

of it. *See McClellan*, 24 Cal.Rptr.2d at 746, 862 P.2d 739 ("when the trial court formally imposed the registration requirement later in the sentencing hearing, the defense had a second opportunity to challenge it but failed to do so" so "defendant waived any claim of prejudice arising from the trial court's error"). If Breiner knew about the need to register when he pled guilty, the court's failure to inform him about it would have been harmless error, not a manifest injustice. If so, the court could appropriately deny withdrawal of the guilty plea.

[¶ 14] We reverse and remand to the trial court for further proceedings consistent with this opinion on Breiner's motion to withdraw his guilty plea.

[¶ 15] MARING, J., concurs.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 16] This case is distinguishable from *State v. Dalman*, 520 N.W.2d 860 (N.D.1994) only because NDCC § 12.1–32–15(2) requires the court to inform the defendant of the need to register as a sex offender *after* a person has pled guilty to or been found guilty as a sex offender. But, in view of this provision, it cannot be contended Breiner would not have pled guilty had the trial court complied with section 12.1–32–15(2), NDCC, for the plea would have already been entered at the time the statute requires the court to inform the defendant of the registration requirement. I adhere to this court's position in *Dalman;* to do otherwise is to open the veritable "can of worms" in that an unending list of arguments will be made comparable to the argument in *Dalman* that the trial court should have informed Dalman he could be deported because of his guilty plea. The plain wording of N.D.R.Crim.P. 11(b) requires no such action by the court.

[¶ 17] It therefore is difficult to conclude the withdrawal of the plea is necessary to correct a "manifest injustice." N.D.R.Crim.P 32(d)(1). It stretches the imagination to believe any innocent person would plead guilty, even with a mild sentence, to a crime of this nature, regardless of the registration requirement.

[¶ 18] Compare this case, where the charge involves a defendant, represented by counsel, who pled guilty to an offense involving a sexual act with a minor, with the decision in *In re Birch*, 10 Cal.3d 314, 110 Cal.Rptr. 212, 515 P.2d 12 (1973), cited by the majority, wherein the California Supreme Court held the trial court should have informed a defendant who appeared in Municipal Court *without counsel* his plea of guilty to a charge of lewd dissolute conduct in a public place required him to register as a sex offender. The conduct described in the opinion is the defendant "left the car and urinated while standing next to to [sic] the vehicle and facing a retaining wall which was approximately 40 feet from the restaurant...." 110 Cal.Rptr. at 213, 515 P.2d at 13. Significantly, the court "concluded that petitioner's conviction must be set aside because the record does not reveal that Birch was properly advised prior to his plea either of his right to counsel or of the sex registration requirement flowing directly from a conviction...." *Id.*

[¶ 19] Nor do I believe the other California decisions cited by the majority are particularly persuasive on the issue of whether or not the trial court must advise the defendant of the registration requirement prior to a plea. *People v. McClellan*, 6 Cal.4th 367, 24 Cal.Rptr.2d 739, 862 P.2d 739 (1993) disposed of the issue of whether the trial court must advise the defendant of the sex offender registration requirement by relying on *Bunnell v. Superior Court*, 13 Cal.3d 592, 119 Cal.Rptr. 302, 531 P.2d 1086 (1975). But, *Bunnell* was a murder case, the issue was double jeopardy and, in discussing the consequences of a plea of guilty, the Court held such things as advising defendant of right to counsel, right to a jury trial, right to confront and cross-examine witnesses and right against self-incrimination must appear on the record. The Court also stated the defendant must be "advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, *registration requirements*, if any...." (Emphasis supplied.) 119 Cal. Rptr. at 310, 531 P.2d at 1094.

[¶ 20] Thus, in *Bunnell* the requirement to advise of the registration requirement as a direct consequence is dicta and is akin to what this Court now requires by rule. *See* Rule 11(b) N.D.R.Crim.P. Although *McClellan* relies on *Bunnell* to answer the question of whether the trial court must advise the defendant of the requirement to register as a sex offender, and *Bunnell* is dicta, *McClellan* is significant because there the California Supreme Court *refused* to allow the defendant to withdraw his guilty plea. There the trial court failed to advise the defendant of that consequence of his plea, but the defendant waived his claim of error by "failing ... to interpose a timely objection to the registration requirement." 24 Cal.Rptr.2d at 746, 862 P.2d at 746. McClellan's counsel was aware at the time of sentencing of a probation officer's report recommending he be ordered to register as a sex offender and the trial court did formally impose the registration requirement at sentencing. The California Supreme Court observed the record did not establish the failure to advise of the registration requirement prejudiced the defendant because the record contained only the defendant's assertion in the notice of appeal from the conviction that he would not have pled guilty if he had been so advised. The Court also noted the prosecution had no opportunity to contest the defendant's assertion and the trial court had no occasion to pass upon the veracity of the defendant's assertion. Relying on the defendant's failure to object at the time of sentencing, the Supreme Court not only refused to allow the defendant to withdraw his plea, it refused to remand for a hearing on the motion to withdraw the plea. If the defendant had objected at the time of sentencing when the registration requirement was imposed, it appears the California Supreme Court would have required the defendant be able to withdraw his plea.

[¶ 21] I continue to adhere to our holding in *Dalman*. Yet, here section 12.1–32–15(2) *does require the court to impose the registration requirement after a plea or conviction and to state the requirement on the court record*. That did not happen in this case.[1]

1. Neither Breiner nor the State argued Breiner is    not required to register in light of the trial

Thus, I concur in the result because it is conceivable, if not probable as *McClellan* suggests, that had the trial court informed Breiner of the registration requirement at the time of sentence Breiner would have moved immediately to withdraw his guilty plea. In that event it is also probable the trial court would not only have found the motion timely but found it was for a "fair and just reason" under N.D.R.Crim.P 32(d)(3) as opposed to the more serious burden of "correct[ing] a manifest injustice" under subdivision (1) of that Rule. That can only be determined after an evidentiary hearing on whether Breiner knew of the requirement to register when he pled guilty.

[¶ 22] VANDE WALLE, C.J.

NEUMANN, Justice, dissenting.

[¶ 23] For some reason, never explained, the majority assumes N.D.C.C. § 12.1–32–15(2) imposes a requirement upon the defendant to register as a sex offender. It does not. By its plain, unambiguous language, the section imposes a requirement on the court to require the defendant to register. The court did not do that. If the trial court had imposed the registration requirement without first warning the defendant, I could understand—though I might not agree with—the majority's opinion. But the facts of this case are that neither the statute nor the court imposed a registration requirement on Breiner. He therefore complains of a consequence that does not apply to him. I would affirm.

[¶ 24] NEUMANN, J.

SANDSTROM, Justice, dissenting.

[¶ 25] Because I would follow the majority of states, I dissent from the position of the majority of this Court. Contrary to the assertion of the majority opinion, no "manifest injustice" arises from the failure of the trial court to advise the defendant at the time of sentencing of his duty to register as a sexual offender.

[¶ 26] Even the majority of this Court, at ¶ 7, concedes "[r]egistration as a sexual offender is a collateral, not a direct, consequence of a conviction." Trial courts have no duty to advise defendants of collateral consequences of a guilty plea. *State v. Dalman,* 520 N.W.2d 860, 863 (N.D.1994).

[¶ 27] The trial court's statutory duty to advise the defendant of the duty to register as a sexual offender specifically attaches *after,* not before, a guilty plea or verdict. N.D.C.C. § 12.1–32–15(2). When, as here, the purpose of advising the defendant is not to benefit the defendant but to promote compliance with the law, the defendant is not exempted from compliance with the law and may not complain of a procedural irregularity. *See State v. Sundquist,* 542 N.W.2d 90 (N.D.1996) (Because the purpose of the stalking law's requirement of serving a copy of the law on the defendant was to protect the victim, not the defendant, the defendant could not complain of non-compliance). Here the trial court's duty was imposed to protect the public, not the defendant, and thus the defendant should have no cause to complain.

[¶ 28] I specifically reject the majority opinion's adoption, at ¶ 8, of the minority view expressed by California courts of the "onerous nature of the sex[-offender] registration requirement that follows inexorably from a conviction." *Birch* at 216. The defendant's conviction of a sex crime is a matter of public record without the registration requirement. I agree with the majority of states; requiring sex offenders to advise law enforcement of their whereabouts is remedial, protective, and a minimal burden. *See, e.g., State v. Manning,* 532 N.W.2d 244, 248–49 (Minn.App.1995).

[¶ 29] I would affirm.

[¶ 30] NEUMANN, J., concurs.

---

court's failure to "impose, in addition to any penalty provided by law" the registration requirement as specified in NDCC § 12.1–32–

15(2). Because the issue has not been raised, I would not decide it.