No. 04-97-00795-CV



In the Matter of M.A.M., A Juvenile



From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 97-JUV-01804


Honorable Carmen Kelsey, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger , Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: July 22, 1998


AFFIRMED


 M.A.M., a juvenile, was adjudicated delinquent and committed to the Texas Youth
Commission for an indeterminate term. In a single point of error, he asserts his plea was involuntary
because he was not properly admonished that he could be adjudicated delinquent yet not receive a
disposition. We affirm.

Factual and Procedural Background

 M.A.M. was charged with two counts of possession of marijuana. The court admonished
M.A.M. that if his plea was accepted he could be placed on probation in the care, custody, and
control of his parents, another suitable adult, or a juvenile probation officer. He was also told he
could be placed in the Texas Youth Commission. The court further admonished M.A.M. that he had
a right to a trial, the right to an attorney, and the right against self-incrimination. Finally, the court
admonished M.A.M. that a plea of true could affect sentencing in any subsequent proceeding.
M.A.M. pled true to both counts of marijuana possession.

Argument on Appeal

 In a single point of error, M.A.M. contests the voluntariness of his plea. He asserts he would
not have entered his plea had he been told that a disposition was not required by the Family Code.
See Tex. Fam. Code Ann. § 54.04(c) (Vernon 1996) (requiring the court to dismiss the child unless
certain findings are made). M.A.M. claims that such an admonishment is required under Section
54.03(b)(2) of the Family Code, which states that a child must be admonished at the beginning of
the adjudication hearing about the "nature and possible consequences of the proceedings, including
the law relating to the admissibility of the record of a juvenile court adjudication in a criminal
proceeding." Tex. Fam. Code Ann. § 54.03(b)(2) (Vernon 1996).

 Section 54.03 of the Texas Family Code requires certain admonitions be given to juveniles
at the beginning of an adjudication hearing. Id. These mandatory admonitions assist children in
understanding the nature and results of the juvenile proceedings. In re A.L.S., 915 S.W.2d 114, 116
(Tex. App.--San Antonio 1996, no writ). Failure to properly admonish juveniles pursuant to
Section 54.03 of the Family Code constitutes fundamental error and requires reversal regardless of
harm.(1) A.L.S., 915 S.W.2d at 116-117.

 Section 54.03 does not specifically require the admonishment M.A.M. seeks. See Tex. Fam.
Code Ann. § 54.03(b)(Vernon 1996). Although "no disposition" may be a "general" consequence
possibly falling under the purview of Section 54.03(b)(3), see Tex. Fam. Code Ann. § 54.03(b)(3),
Texas courts have rejected the concept of "generalized consequences." See In re B.G.M., 929
S.W.2d 604, 606-607 (Tex. App.--Texarkana 1996, no writ) (holding that admonishment about
possibility of sex offender registration was not required). We reject M.A.M.'s invitation to create
a new admonishment.

Conclusion

 We overrule M.A.M.'s point of error and affirm the ruling of the trial court.



 PAUL W. GREEN,

 JUSTICE

DO NOT PUBLISH


1. An objection is now required to preserve error, although none was required at the time of the offense
underlying this appeal. Act of May 27, 1995, 74th Leg., R.S., ch. 262 § 37, 1995 Tex. Gen. Laws 2517, 2536, amended
by Act of June 2, 1997, 75th Leg., R.S., ch. 1086 § 10, 1997 Tex. Gen. Laws 4179, 4184-4185 (current version at Tex.
Fam. Code Ann. §54.03(i) (Vernon Supp. 1998)).



Return to
4th Court of Appeals Opinions