**Mauricio Raul GUZMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–98–00323–CR.**

Court of Appeals of Texas,
San Antonio.

April 7, 1999.

---

**234**

Greg Gladden, Houston, for Appellant.

John B. Holmes, Jr., Attorney-Harris County, Alan Curry, Assistant District Attorney, Houston, for Appellee.

Before CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### FACTS AND PROCEDURAL BACKGROUND

On December 5, 1997, Mauricio Raul Guzman pleaded guilty to aggravated sexual assault of a child under 14 years of age. In addition to waiving his right to trial, Guzman waived his right to have the court administer oral admonishments, his right to have the court reporter record the plea, and his right to appeal without permission from the trial court. The trial court assessed punishment at 6 years' imprisonment. The trial court did not grant Guzman permission to appeal his convic-

---

tion. Guzman appeals raising two points of error.

### DISCUSSION

#### Jurisdiction

As a general rule, a defendant who pleads guilty and whose punishment does not exceed that suggested by the plea bargain is not allowed to appeal any matter without the trial court's permission, except rulings on pretrial motions and jurisdictional defects. *See* TEX.R.APP. P. 25.2 (formerly Rule 40(b)(1)). The Texas Court of Criminal Appeals has held, however, that a plea-bargaining defendant is entitled to appeal to challenge the voluntariness of a negotiated guilty plea. *See Flowers v. State,* 935 S.W.2d 131, 133 (Tex. Crim.App.1996) (construing predecessor to Rule 25.2(b)(3)). Accordingly, we have jurisdiction to review Guzman's points of error regarding the voluntariness of his guilty plea and any jurisdictional defects.

#### Voluntariness of Guilty Plea

In his first point of error, Guzman contends he did not enter a knowing and voluntary guilty plea. Guzman contends the trial court's admonishments were inadequate because the court failed to admonish him regarding the statutory requirement [1] that he register as a sexual offender following service of his prison term. Guzman implies that such failure prevented him from understanding the consequences of entering his guilty plea.

Before accepting a guilty plea, the trial court must admonish a defendant of: (1) the punishment range, (2) the fact that the State's sentencing recommendation is not binding on the court, (3) the limited right to appeal, and (4) the possibility of deportation. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). The admonishments may be made either orally or in writing. *Id.* at 26.13(d). If the admonish-

---

1. The Sexual Offender Registration Program requires a person previously convicted of enumerated offenses, among other things, to register with local law enforcement authority in any municipality in which the person expects to reside for longer than seven days. *See* TEX.CODE CRIM. PROC. ANN. art. 62.01 et. seq. (Vernon Supp.1998)(previously TEX.REV.CIV. STAT. ANN. art. 6252–13c.1).

ments are made in writing, then the defendant and his lawyer must file a statement that the defendant understood the admonitions and was aware of the consequences of the guilty plea. *See id.*

■ To be constitutionally valid, a guilty plea must be knowing and voluntary. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *see also* TEX.CODE CRIM. PROC. ANN. art. 26.13(b). When the record shows that the trial court admonished the defendant in substantial compliance with Article 26.13 of the Code of Criminal Procedure, the State establishes a prima facie showing that the plea was knowing and voluntary. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(c); *See Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). The burden then shifts to the defendant to show that he pleaded guilty without understanding the consequences of his guilty plea, and as a result, suffered harm. *See Fuentes v. State,* 688 S.W.2d 542, 544 (Tex. Crim.App.1985).

■ To substantially comply with Article 26.13, the trial court need not advise the defendant of every aspect of law relevant to his case or sentencing, only the direct consequences of entering a guilty plea. *See State v. Vasquez,* 889 S.W.2d 588, 590 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Direct consequences of a plea are generally held to be those listed in the article 26.13 admonishments. *See Vasquez,* 889 S.W.2d at 590. Because a guilty plea is voluntary if the defendant is advised of all direct consequences of the guilty plea, his ignorance of a collateral consequence does not render the plea involuntary. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463; *Vasquez,* 889 S.W.2d at 590. Collateral consequences are those that are not a definite, practical consequence of a defendant's guilty plea. *Vasquez,* 889 S.W.2d at 590; *Ex Parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997). There are numerous collateral consequences of pleading guilty to a felony, such as employment difficulties and restraint,

ineligibility to vote, ineligibility to serve on a jury panel, and restrictions on travel. *Vasquez,* 889 S.W.2d at 590. Thus, for Guzman's guilty plea to be voluntary, he must have been made aware of the direct consequences of his plea.

■ These long followed standards seem circular when, as here, the defendant raises an argument that his plea was involuntary because he did not receive admonishment of a direct consequence of his guilty plea and, therefore, did not understand the consequences of such plea. In such event, this court must first address the issue whether the admonishment which the defendant contends should have been given is a direct consequence of the guilty plea. If it is, and the trial court failed to administer the admonishment, the guilty plea is rendered involuntary. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463; *Vasquez,* 889 S.W.2d at 590. If the proposed admonishment addresses a collateral consequence of entering a guilty plea, and the trial court otherwise substantially complied with article 26.13, the State satisfies its burden. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(c); *See Vasquez,* 889 S.W.2d at 590. The defendant must then show that he did not otherwise understand the consequences of entering the guilty plea and subsequent harm. *Fuentes,* 688 S.W.2d at 544.

■ The determinate issue in this case is whether the statutory duty to register as a sexual offender following service of imprisonment is a direct consequence of entering a guilty plea. This issue is one of first impression. If we hold that the duty to register is a direct consequence of entering a guilty plea, the trial court's failure to admonish Guzman regarding this duty renders his guilty plea involuntary. If we hold that it is not, the burden shifts to Guzman to show lack of understanding of the consequences of entering the plea and harm suffered.

In a similar juvenile case, the Texarkana court addressed this issue in the realm of admonishments required by Texas Family

Code § 54.03. *Cf. In re B.G.M.*, 929 S.W.2d 604, 606 (Tex.App.—Texarkana 1996, no writ). In *In re B.G.M.*, the court assessed the language and intent of the predecessor statute, TEX.REV.CIV. STAT. ANN. art. 6252-13c.1, and determined "the Sexual Offender Registration Program to be remedial rather than punitive and the consequences of registration to be collateral rather than direct." *Id.* at 606-07.

Other jurisdictions are divided on the issue whether failure to admonish a defendant regarding his duty to register as a sexual offender invalidates his guilty plea. In the minority, California and North Dakota hold that the registration duty is a direct consequence of entering a guilty plea and, thus requires admonishment. *See In re Birch,* 10 Cal.3d 314, 110 Cal. Rptr. 212, 515 P.2d 12, 16–17 (1973); *see also People v. McClellan,* 6 Cal.4th 367, 24 Cal.Rptr.2d 739, 862 P.2d 739, 745 (1993); *accord State v. Breiner,* 562 N.W.2d 565, 567 (N.D.1997).[2] However, the majority view reasons that laws requiring a sexual offender to register are remedial, not punitive and, therefore, the statutory registration requirements are collateral, not direct consequences of a guilty plea. *See State v. Young,* 112 Ariz. 361, 542 P.2d 20, 22 (1975); *People v. Taylor,* 203 Ill.App.3d 636, 149 Ill.Dec. 115, 561 N.E.2d 393, 393 (1990); *Doe v. Poritz,* 142 N.J. 1, 662 A.2d 367, 396–97 (1995); *State v. Ward,* 123 Wash.2d 488, 869 P.2d 1062, 1068–69 (1994).

We reject Guzman's invitation to create a new required admonishment under article 26.13. We follow *In re B.G.M.* and the majority view and hold that the statutory duty to register as a sexual offender is a collateral consequence of a guilty plea and, therefore, a trial court does not have an affirmative duty to inform the accused of such duty prior to accepting a guilty plea. The plain language of the statute requiring

registration as a sexual offender does not require preadjudication admonishment. The statute specifically requires that prior to release from a penal institution, an official of the institution shall inform the person of the requirements under the registration act. *See* TEX.CODE CRIM. PROC. ANN. art. 62.03(a)(1)(Vernon Supp.1998). Accordingly, the requirements are remedial, not punitive. Mandated registration as a sex offender is not a definite, practical consequence of a defendant's guilty plea, as it is comparable to other adjudicated collateral consequences of pleading guilty: ineligibility to vote, ineligibility to serve on a jury panel, and restrictions on travel and employment. Consequently, such registration is a collateral consequence of a guilty plea, not a direct consequence, and the trial court's failure to admonish a defendant of such requirement does not invalidate a guilty plea. Accordingly, the State established a prima facie showing that Guzman's plea was knowing and voluntary. The burden, then, shifts to Guzman to show that he did not understand the consequences of entering his plea and harm. *Fuentes,* 688 S.W.2d at 544.

██ After waiving oral admonishments, Guzman signed a "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions" form indicating that he understood the consequences of his guilty plea and entered it knowingly and voluntarily. The signed waiver complied with Article 26.13. Nothing in the record supports Guzman's theory that he did not understand the consequences of his plea.

The record shows that Guzman was properly admonished, and he was aware and understood the ramifications incident to entering his guilty plea. Because Guzman's guilty plea was entered voluntarily and knowingly, we overrule his first point of error.

### Ineffective Assistance of Counsel

---

**2.** The relevant statute in North Dakota stated, "The court shall require a person to register by stating this requirement on the court records." *See* N.D. CENT.CODE § 12.1–32–15(2).

The comparable and applicable Texas statute does not contain this requirement. *See* TEX. CODE CRIM. PROC. ANN. art. 62.03.

In his second point of error, Guzman contends his trial counsel was ineffective by failing to fully explain the consequences of entering a guilty plea. Specifically, Guzman contends his trial counsel's failure to advise him of the registration requirements rendered his guilty plea involuntary. To the extent Guzman contends his counsel's ineffective assistance rendered his guilty plea involuntary, we will consider this point of error.

 In attacking a guilty plea on the ground of ineffective assistance of counsel, the essential requirement is a showing that the plea of guilty was unknowingly and involuntarily made. *Ex parte Adams,* 707 S.W.2d 646, 648 (Tex.Crim.App.1986) (orig.proceeding); *Gonzales v. State,* 963 S.W.2d 844, 848 (Tex.App.—San Antonio 1998, no pet.). However, a guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Gonzales,* 963 S.W.2d at 848. Therefore, the constitutional validity of a guilty plea made upon the advice of counsel depends on whether counsel's performance was reasonably competent, rendering a defendant effective representation during the particular proceedings. *Ex parte Battle,* 817 S.W.2d 81, 83 (Tex.Crim.App.1991); *Gonzales,* 963 S.W.2d at 848.

In evaluating a claim of ineffective assistance of counsel arising out of the plea process, we must apply the *Strickland* test, which requires that the defendant demonstrate (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 56 (Tex.Crim.App.1986). These two prongs must be established by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). Accordingly, the allegation of ineffective assistance must be firmly founded and affirmatively demonstrated in the record. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim. App.1996); *Brown v. State,* 974 S.W.2d 289, 292 (Tex.App.—San Antonio 1998, pet. ref'd). Furthermore, we must indulge in a strong presumption that the counsel's conduct was reasonable. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

██ Guzman's argument is without merit and fails under the first prong of the *Strickland* test. The record does not affirmatively demonstrate that trial counsel unreasonably failed to advise Guzman regarding the sexual-offender registration requirement. The record does indicate that counsel's performance was reasonably competent. In his signed "Statements and Waivers," Guzman stated that he fully consulted with his attorney regarding the consequences of his guilty plea, he was satisfied with the representation provided, and he received effective and competent representation.

Because the record does not demonstrate that counsel's performance rendered Guzman's guilty plea involuntary, his second point of error is overruled.