NO. 07-00-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 22, 2001

______________________________

ARTHUR RAYBON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428,329; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Arthur Raybon (appellant) appeals his conviction for sexual assault.  Through two issues, he asserts that his guilty plea was involuntary because 1) of counsel’s purported ineffectiveness and 2) the trial court’s alleged failure to properly admonish him.  We affirm the judgment.

Background

The record illustrates that appellant not only pled guilty to the aforementioned crime but also admitted to committing same via a written judicial confession.  So too does it illustrate that he was admonished by the trial court pursuant to Texas Code of Criminal Procedure art. 26.13.  However, after sentencing and within the time designated for requesting a new trial, appellant notified the trial court by letter that he was not guilty of the offense and that his attorney was ineffective.  Apparently treating this as a motion for new trial, the trial court convened a hearing to address the allegations.  During that proceeding, appellant informed the court that he was innocent and that his counsel allegedly persuaded him to plead guilty, despite having previously represented to the court that his plea was voluntary and his counsel adequate.  Upon hearing the comments of appellant, the trial court did not grant him a new trial.  Instead it appointed him an attorney to prosecute an appeal, and authorized appellant to appeal.  Though appeal was attempted, the notice was untimely, and the proceeding was dismissed for want of jurisdiction.  

Thereafter, appellant filed a writ of habeas corpus, again complaining of his counsel’s supposed ineffectiveness.   Pursuant to mandate by the Texas Court of Criminal Appeals, the trial court convened an evidentiary hearing to address the allegations.  Trial counsel, appellate counsel, appellant, and his daughter testified.  Upon receiving and weighing the evidence offered, the trial court expressly found that 1) appellant’s testimony uttered at the hearing was “not credible,” 2) his trial counsel rendered effective representation, 3) his plea was voluntary, and 4) counsel appointed to prosecute the appeal was ineffective given his failure to timely perfect same.  Thereafter, the Court of Criminal Appeals authorized appellant to prosecute a belated appeal.

Discussion

In effect, what we have before us is an appeal from a judgment convicting him of sexual assault and denying him a new trial upon his claims of involuntariness.  To the extent that the allegations before us were presented below via a motion for new trial, we are not free to interfere with the court’s decision unless it constitutes an abuse of discretion.  
Santacruz v. State, 
963 S.W.2d 194, 196 (Tex. App. – Amarillo 1998, pet. ref’d).  And, whether it constitutes an abuse of discretion, depends upon whether it falls outside the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).  Finally, the decision cannot be said to fall outside that zone if it is supported by both legal principle and evidence.  
State v. Wallett, 
31 S.W.3d 329, 331 (Tex. App. – Amarillo 2000, no pet.).  

Next, while the evidentiary hearing upon appellant’s allegations resulted from an application for habeas corpus relief filed with the Texas Court of Criminal Appeals, appellant nevertheless cites to that evidence in support of his contentions on appeal.  In other words, he invites us to consider that evidence in rendering our decision.  To the extent that we accept the invitation, we are compelled to abide by those rules which require us to defer to the fact-finder’s interpretation of that evidence and resolution of credibility disputes.  
Ex parte Elizondo
, 947 S.W.2d 202, 212-13 (Tex. Crim. App. 1996).  With this said, we now turn to appellant’s contentions.

Involuntary Plea Because of Allegedly Defective Counsel

Did not understand the consequences of the plea and was forced to agree to bargain

Appellant initially contends that his plea was involuntary because trial counsel coerced him into pleading guilty.  As previously mentioned, the trial court, in considering the exact same contention at the habeas proceeding, expressly found appellant’s testimony to be incredible.  We defer to that finding.  
Ex parte Elizondo
, 
supra
.  So too do we note evidence of record illustrating that trial counsel 1) prepared for trial by investigating the accusation, interviewing those potential witnesses who would talk with him, and speaking with the police officers involved, 2) appeared in court ready for trial and had prepared a defensive theory, 3) spoke or otherwise communicated with appellant seven times before trial, 4) discussed with appellant the strengths and weaknesses of the case, 5) discussed the potential punishment appellant would receive if convicted, 6) prepared a motion for probation (which he intended to file on the day of trial), 7) informed appellant that appellant could not plead guilty unless appellant was guilty, 8) informed appellant that a motion to suppress pended and that he stood ready to pursue that motion, 9) resumed plea negotiations with the State at the direction of appellant immediately prior to trial and after the victim appeared in the courtroom, 10) explained the effect of the plea, 11) believed and told appellant that (based on his 20 years of experience practicing criminal law) the jury would assess more than 15 years punishment if they credited the victim and found appellant guilty, 12) informed appellant about the tenuousness of the case, and 13) withheld pursuing the motion to suppress as a condition of the plea agreement.  Other evidence indicated that appellant 1) was informed by the court of his rights and the effect of his plea upon them, 2) feared going to trial, 3) directed counsel to resume plea negotiations with the State, 4) represented to the court that his plea was knowingly and voluntarily made and that he understood the consequences of his plea, 5) told his attorney he was guilty, 6) admitted his guilt via a judicial confession, 7) admitted his guilt to the police (though he later recanted his confession), 8) chose to plead guilty because he did not want to place the victim (who was his daughter) through the stress of testifying and undergoing cross-examination, and 9) stated to the trial court that his counsel provided him adequate representation.   This litany of evidence provides adequate basis upon which the trial court could have found that appellant’s plea was knowing and voluntary as opposed to coerced by anyone.       

Failure to pursue the suppression of his confession

Appellant next contends that counsel was ineffective because his attorney did not pursue the motion to suppress.  As mentioned above, however, counsel had prepared the motion and informed appellant of the likelihood of having same granted.   According to the record, counsel felt that it would not be granted because the police officers who supposedly coerced appellant into executing same denied the allegation.  Nevertheless, the motion was filed and, had a plea not been executed, would have been heard immediately before trial.  Finally, waiving pursuit of the motion was purportedly a condition imposed by the State to resolve the prosecution through a plea agreement.  Given these circumstances, we cannot hold that the decision to forego the motion constituted deficient conduct as contemplated in
 Thompson v. State
, 9 S.W.3d 808 (Tex. Crim. App. 1999) and 
Beck v. State
, 976 S.W.2d 265 (Tex. App. – Amarillo 1998, pet. ref’d).

No motion for probation

Next, appellant believes that counsel was deficient because he did not file a motion for probation.  While the motion was not filed, one was prepared, according to the record.  Furthermore, counsel’s practice was to file same the day trial began, which was permitted by statute.  
Tex. Code Crim. Proc. Ann. 
art. 27.02(6) (stating that a request for probation must be filed before trial).  Given this, we find no fault with counsel in this regard.

Advised he would not get probation but most likely more than 15 years

Next, appellant suggests that his counsel was deficient because he told him that he would not likely receive probation and would most likely be assessed a prison term exceeding 15 years.
(footnote: 1)  Counsel admitted informing his client that probation was unlikely if the jury believed the State’s evidence.  That evidence indicated that appellant forced his daughter into having sex with him on several occasions.  Prior to one of those occasions, appellant also shaved his daughter’s pubic area and allowed her to see a pornographic video with him.  Moreover, the sexual assaults allegedly resulted in the impregnation of the girl, which pregnancy resulted in a miscarriage.  Given those circumstances, and assuming that a jury believed them, counsel advised his client (based upon his experience as a practitioner of criminal law for 20 years) that a local jury would most likely assess punishment exceeding 15 years imprisonment.  In view of the record evidence, we cannot say that counsel’s advise or conduct was unreasonable.

Misrepresented that the sentences would be stacked

Next, appellant complains that his attorney was deficient because he inaccurately advised him that the prison terms he faced could be “stacked.”  We note that appellant was originally accused with multiple offenses through three separate indictments.  At the time the offenses were committed, the  punishment levied upon conviction for same could have been made to run consecutively if the accusations were tried separately.  
See 
Tex. Code Crim. Proc. Ann
. 42.08(a).  Furthermore, the State had “threatened” to “stack” the punishment if appellant did not plead guilty.  Given this, we conclude that counsel’s advice was not inaccurate.

Ignored dissatisfaction with counsel and request for another attorney

Lastly, appellant suggests that his attorney was deficient because counsel ignored appellant’s dissatisfaction with him and his request for other counsel.  According to the record, however, trial counsel (who was appointed) did not know his client was dissatisfied with his general performance.  Indeed, appellant asked his counsel to do other work for him, which work was unrelated to the pending criminal accusations.  Moreover, appellant represented to the trial court, at the time of the plea, that he was “satisfied that [his attorney] investigated the case and . . . discussed any possible defenses”  with him.  So too did he admit that he was “satisfied that the attorney representing [him] today in court ha[d] properly represented [him] and . . . fully discussed th[e] case with him.”   Under these circumstances, and because we defer to the trial court’s finding that appellant’s testimony was incredible (at the evidentiary hearing) we again find no deficiency on the part of trial counsel.

Involuntary Because the Court Allegedly Failed to Admonish

Appellant next contends that his plea was involuntary because the trial court did not admonish him (prior to accepting his plea) about having to register as a sex offender.  We overrule this contention for such an admonishment was not required in October of 1998 when appellant pled guilty.  
Ruffin v. State
, 3 S.W.3d 140, 144-45 (Tex. App.--Houston [14th Dist.] 1999, pet. ref’d) (holding that the failure to inform the accused about the need to register as a sex offender did not make the plea involuntary); 
Guzman v. State
, 993 S.W.2d 232, 236 (Tex. App.--San Antonio 1999, pet. ref'd) (holding same); 
In re
 
B.G.M
., 929 S.W.2d 604, 606-07 (Tex. App.--Texarkana 1996, no pet.) (holding that the possibility of required sex offender registration is not a mandatory admonishment in a juvenile proceeding because the registration requirement is a remedial and collateral consequence of the plea).  Furthermore, in amending article 26.13 of the Texas Code of Criminal Procedure in 1999 to require such an admonishment, the legislature did not make the requirement retroactive. 
See 
Act of May 29, 1999, 76
th
 Leg., R. S., ch. 1415, §1, 1999 
Tex. Gen. Laws
 4831, 4843 (designating September 1, 1999 as the effective date of the modification).    

Accordingly, we affirm the judgment entered below.

Brian Quinn

   Justice

Do not publish.

FOOTNOTES
1:
The maximum prison term to which appellant would be subject under the plea was 15 years.