The appellant, Willie Robinson, Sr., was indicated for two counts of first-degree sexual abuse, § 13A-6-66, Ala. Code 1975. On October 23, 1997, he pled guilty to one count and the State nol-prossed the other count. The trial court sentenced him to imprisonment for four years, but suspended the sentence and placed him on supervised prohibition for four years. The trial court conditioned his probation upon him first serving nine months in the sheriff's custody, with the stipulation that he would be released during his normal work hours to allow him to maintain his employment. The appellant subsequently filed a motion to withdraw his guilty plea, which the trial court denied after a hearing. This appeal followed.
 I.
The appellant argues that his guilty plea was involuntary because the trial court did not inform him of the correct range of punishment. In essence, he argues that the trial court's failure to inform him of the application and effects of the Community Notification Act, §§ 15-20-21 to 15-20-24, Ala. Code 1975, rendered his guilty plea involuntary.
In this written motion to withdraw his guilty plea, the appellant stated that he wanted to withdraw his guilty plea because he was allegedly innocent. During the hearing on the motion, the appellant stated that he wanted to withdraw his guilty plea because he did not raise the issue of voluntariness of his guilty plea to the trial court. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). "`[C]laims relating *Page 254 
to the voluntariness of guilty plea must first be presented to the trial court or they are waived on direct appeal.'" Danzey v.State, 703 So.2d 1019 (Ala.Cr.App. 1997), quoting Anderson v.State, 668 So.2d 159, 162 (Ala.Cr.App. 1995). Therefore, the appellant did not preserve this issue for review. Bagley v.State, 681 So.2d 262, 263-64 (Ala.Cr.App. 1995).
Even if the appellant had preserved this issue for review, we would decide it adversely to the appellant.
 "`"An accused is entitled to information concerning the direct consequences of his plea. He is not entitled to information concerning all collateral effects, or future contingencies that might arise."' Fearson v. State, 662 So.2d 1225, 1226 (Ala.Cr.App. 1995) (quoting Minnifield v. State, 439 So.2d 190, 192 (Ala.Cr.App. 1983) (`[w]e do not consider that ineligibility to earn CIT [Correctional Incentive Time] is a direct consequence of a guilty plea as to which a defendant must be advised before entering a plea')); Oyekoya v. State, 558 So.2d 990, 991
(Ala.Cr.App. 1989) (`"[W]e hold that potential deportation is a collateral consequence of a guilty plea. Accordingly, we find no error in the sentencing court's failure to inform Romero-Vilca in the Rule 11 Colloquy of his possible deportation."') (quoting United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988)); Minnifield v. State, 439 So.2d 190, 192 (Ala.Cr.App. 1983)."
Danzey, 703 So.2d at 1020 (holding that being subjected to DNA testing was a collateral consequence of conviction, having no bearing on defendant's sentence, so that he was not entitled to be informed of DNA testing before pleading guilty). Although this court recognized just a few examples of collateral consequences in Danzey,
 "[c]ollateral consequences of a guilty plea are many. They may included the loss of civil services employment, of the right to vote and travel freely abroad, of the right to a driver's license, and of the right to possess firearms."
United States v. Del Rosario, 902 F.2d 55, 59 (C.A.D.C. Cir.),cert. denied, 498 U.S. 942, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990) (citations omitted). See also Polk v. State, 405 So.2d 758,761-62 (Fla.Dist.Ct.App. 1981) (listing ineligibility for parole, loss of good time, and loss of rights of citizenship as collateral consequences of a guilty plea). "`The distinction between direct and collateral consequences of a plea "turns on whether the result presents a definite, immediate and largely automatic effect on the range of the defendant's punishment."'" State v.Ward, 123 Wn.2d 488, 869 P.2d 1062, 1075 (1994) (citations omitted) (emphasis added). Registration and community notification requirements for sex offenders do not constitute punishment. See Commonwealth v. Gaffney, 702 A.2d 565
(Pa.Super.Ct. 1997); Doe v. Poritz, 142 N.J. 1, 662 A.2d 367
(N.J. 1995); Ward, supra (holding that sex offender registration and notification do not constitute punishment). Because the registration and notification requirements are not punishment, they are collateral consequences of the appellant's guilty plea.See Roe v. Farwell, 999 F. Supp. 174 (D.Mass. 1998); State v.Young, 112 Ariz. 361, 542 P.2d 20 (1975); Collie v. State,710 So.2d 1000 (Fla.Dist.Ct.App. 1998); Benitez v. State,667 So.2d 476 (Fla.Dist.Ct.App. 1996); People v. Murphy,207 Ill. App.3d 539, 152 Ill.Dec. 441, 565 N.E.2d 1359
(4 Dist. 1991); Ward, supra; and State v. Clark, 75 Wn. App. 827,880 P.2d 562 (Div. 1994) (finding that registration and notification requirements are collateral consequences of pleading guilty to a sex related offense). Therefore, during the plea colloquy, the trial court was not required to advise the appellant of the application and effects of the Community Notification Act before the entry of this guilty plea.
 II.
The appellant also argues that his guilty plea was involuntary because the trial court did not comply with the requirements of Rule 14.4, Ala.R.Crim.P., during his guilty-plea colloquy. Because he did not first present this argument to the trial court, he did not preserve it for review. Bagley, 681 So.2d at 263-64.
 III.
Finally, the appellant argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. *Page 255 
 "`"The court shall allow withdraw of a plea of guilty when necessary to correct a manifest injustice." Whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion.'"
Reed v. State, 691 So.2d 463, 464 (Ala.Cr.App. 1996), quotingAlford v. State, 651 So.2d 1109, 1112 (Ala.Cr.App. 1994). At the hearing on his motion to withdraw his guilty plea, the appellant stated:
 "I just — when I thought about it, I thought about having this on my record. That means everywhere I go — when you move — because of the law they passed now saying if you move somewhere, everybody who stays near you would know that you are a sex offender. And I didn't want nothing like that on my record knowing I didn't do that."
(R. 13). He also stated that he pled guilty because he did "not [want] to go to jail and stuff and the way [defense counsel] explained it to me sounded pretty good about parole and counseling." (R. 12). The appellant claimed in his motion to withdraw his guilty plea that he was innocent. On appeal, he makes much of the fact that, during the guilty-plea colloquy, he initially denied having sexual contact with the victim. Especially in sexual abuse cases, "nothing is more common than to hear an accused person who is pleading guilty begin to equivocate about the facts of the case." Garner v. State, 455 So.2d 939, 940
(Ala.Cr.App. 1984). The record reveals that the appellant made his initial denial in open court. Once the trial court allowed the appellant to continue the proceedings in the jury deliberation room, the appellant admitted that the had had inappropriate sexual contact with the victim. Furthermore, at the hearing on the motion, he argued only that he had changed his mind about pleading guilty because he "didn't want nothing like that on [his] record knowing [he] didn't do that." (R. 13). Because the appellant has not demonstrated that the denial of his motion to withdraw the guilty plea resulted in a manifest injustice, the trial court did not abuse its discretion. See Speigner v. State,663 So.2d 1024, 1027-1028 (Ala.Cr.App. 1994).
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.