FRY, Judge
(concurring in the result).
I agree that Alabama’s Community Notification Act, as it applies to juveniles, unconstitutionally violates a juvenile’s right to equal protection of the law. I further agree that the registration portion of the act, even as it applies to juveniles, does not violate the Ex Post Facto Clause. The majority also correctly concludes that its holding effectively severing the reference to juveniles from the definition of “conviction” in § 15-20-21(a)(3), Ala.Code 1975, renders the Act inapplicable to minors, but still applicable to adults.
I, however, disagree with the majority’s analysis and its conclusion that the notification portion of the act constitutes an additional punishment and that it therefore violates the Ex Post Facto Clause of the United States Constitution. In Robinson v. State, 730 So.2d 252, 254 (Ala.Cr.App.1998), this Court unequivocally stated that the “[rjegistration and community notification requirements for sex offenders do not constitute punishment.” The majority it its analysis relies heavily on State v. Myers, 260 Kan. 669, 923 P.2d 1024 (1996), and the history of the Alabama Juvenile Justice Act, including the legislative intent in enacting the Juvenile Justice Act, to conclude that the Community Notification Act imposes a punishment on juvenile offenders. The Legislature afforded juveniles the privilege of confidentiality. By including juveniles within the Community Notification Act, the Legislature, acting within its authority, effectively revoked that privilege. That revocation in and of itself does not constitute a punishment. Moreover, juveniles are not punished by the public availability of their otherwise confidential information. Even though public disclosure of registration information affects juveniles whose identities were formerly more protected than adults — • whose criminal acts were always a matter *422 of public record-— public disclosure does not carry such a bite that it should be considered a punishment. Therefore, by addressing the merits of the Ex Post Fac-to claim, the majority, despite its qualification that its holding applies only to juveniles, appears to unnecessarily create an inconsistency in the application of the law. See State v. Myers, supra.
Therefore, I concur in the result only.