On Return to Remand

McMillan, judge.
On January 20, 2000, by an order of this Court, we remanded this cause in order for John Stokesberry to identify the statutory authority pursuant to which he was appointed as a special circuit judge in Jefferson County. We further instructed Stok-esberry that, if he was appointed under § 12-1-14, Ala.Code 1975, he needed to state whether he possessed the residency qualifications necessary to serve as a special judge in Jefferson County. See § 12-17-22, Ala.Code 1975. Stokesberry has now filed his return to our remand order stating, in pertinent part, that he was appointed as a special judge pursuant to § 12-1-14, Ala.Code 1975, that he resides in Calhoun County, and that he has resided there since 1986.
Section 12-1-14, Ala.Code 1975, provides that the Alabama Supreme Court may appoint a special judge for temporary service in the circuit court; however, the person so appointed must possess the qualifications of the judgeship to which he or she is appointed. Section 12-17-22, Ala.Code 1975, provides that a circuit judge must have resided in the circuit for which he is elected or appointed for at least 12 months before the election or appointment and also must reside in that circuit during his time in office. Because the special judge in this case was appointed as a special judge for Jefferson County but resided in Calhoun County, he did not possess the necessary qualifications to serve. Similarly, in Ex parte Alsbrooks, 678 So.2d 756 (Ala.1996), the Alabama Supreme Court, citing § 12-17-22, Ala.Code *65 1975, held that a lawyer licensed to practice law in Alabama who was appointed to serve as special judge in an Alabama county, but who was a resident of Georgia at the time of his appointment, was not qualified to serve as a special circuit judge.
A review of the record reveals the following: The appellant, Gary Wayne Gwin, was found guilty in district court of the offense of reckless driving. On appeal to the Jefferson Circuit Court, he entered a plea of guilty. Stokesberry, who had been appointed to serve as a special circuit judge, accepted the appellant’s plea. Stok-esberry then sentenced the appellant to 90 days in jail and ordered him to pay a fine of $25 and court costs. The appellant subsequently filed a motion to set aside his guilty plea, on the ground that the judge who had presided over the case was not a resident of Jefferson County and that the court, therefore, lacked jurisdiction to accept his plea. Circuit Judge Gloria Bahak-el denied the appellant’s motion.
Because the judge who accepted the appellant’s guilty plea was not authorized to so, that judgment was a nullity; therefore, as the entry and acceptance of the pleas was void, no appeal can be taken therefrom. “ ‘Because the circuit court was without jurisdiction, its judgment is null and void and will not support a appeal.’ ” Gordon v. State, 710 So.2d 943, 945 (Ala.Cr.App.1998), quoting McKinney v. State, 549 So.2d 166, 168 (Ala.Cr.App. 1989). Thus, this cause is due to be transferred back to the circuit court for proceedings not inconsistent with this opinion.
CASE TRANSFERRED TO CIRCUIT COURT.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.