HOUSTON, Justice.
Gary Wayne Gwin was found guilty in the Jefferson District Court of the offense of reckless driving. On appeal to the Jefferson Circuit Court, he pleaded guilty. John G. Stokesberry, appointed to serve as a special circuit judge, accepted the plea and sentenced Gwin to 90 days’ imprisonment and fined him $25. Gwin appealed his conviction to the Court of Criminal Appeals, on the grounds that Stokesberry was not qualified to serve as a special circuit judge in Jefferson County. The Court of Criminal Appeals concluded that Stokesberry did not meet certain residency requirements and, therefore, that the circuit court had not had the jurisdiction to accept Gwin’s plea. Accordingly, the court held that the plea was void and returned the case to the circuit court. Gwin v. State, 808 So.2d 64 (Ala.Crim.App.2000) (on return to remand). We granted the State’s petition for certiorari review. We reverse the order returning the case to the circuit court, and we reinstate the circuit court’s judgment of conviction and sentence.
Section 12-1-14, Ala.Code 1975, which authorizes this Court to appoint special circuit judges, reads, in relevant part:
“Should the need for special judges in the circuit court ... arise, the Supreme Court may appoint and commission special circuit judges ... for temporary service; provided, however, that the person so appointed shall possess the qualifications of the judgeship to which he is appointed. Such special judges shall qualify by taking the oath of office prescribed in the Constitution.”
Stokesberry’s appointment is governed by Ala.Code 1975, § 12-1-14, as it applies to persons such as Stokesberry, who did not hold the office of judge at the time of his appointment. Hence, the statute, which requires that a commission be issued to the appointee and that the appointee take an oath of office, does not govern a person who, before the appointment, occupies the office of judge, because *67 that person will have already fulfilled these requirements when he or she initially assumed the judgeship.[1]
The Court of Criminal Appeals relied on § 12-17-22, Ala.Code 1975, which requires that a circuit-court judge reside “in the circuit for which he is ... appointed for at least 12 months preceding his ... appointment and [to] reside in such circuit during his continuance in office.” The court held that because Stokesberry, who this Court appointed to serve as a special circuit judge in Jefferson County, is a resident of Calhoun County, he was not qualified to preside over Gwin’s plea proceeding.
Despite this irregularity, Gwin did not object to Stokesberry’s appointment before the judgment of conviction and sentence was entered. Stokesberry, who was holding the office of circuit judge and was exercising the functions thereof, was a de facto officer when he accepted Gwin’s plea. “ ‘A de facto officer is one who exercises the duties of a de jure office under color of appointment or election....’” Dixie Dairies v. Alabama State Milk Control Bd., 286 Ala. 198, 202, 238 So.2d 551, 554 (1970) (quoting Ex parte Register, 257 Ala. 408, 413, 60 So.2d 41, 46 (1952)). Section 36-1-2, Ala.Code 1975, which protects the actions of defacto officers, reads:
“The official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding as official acts in regard to all persons interested or affected thereby, whether such person is lawfully entitled to hold office or not and whether such person is lawfully qualified or not
(Emphasis added.) The judgment Gwin appealed from is valid and remains intact as an action of a de facto officer protected by statute.
Thus, we reverse the Court of Criminal Appeals’ order returning the case to the circuit court, and we reinstate the circuit court’s judgment of conviction and sentence.
REVERSED AND CIRCUIT COURT’S JUDGMENT OF CONVICTION AND SENTENCE REINSTATED.
HOOPER, C.J., and MADDOX, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.

. We note that Ala.Code 1975, § 12-2-36, governs persons who already occupy the office of judge, and that it permits such persons to serve in any circuit in the state. Section 12-2-36 states:
"Whenever the public good requires more judges than are regularly provided by law for the holding or attending the courts in any circuit of this state, the Chief Justice may order one or more judges living out of such circuit to attend and hold or assist in holding such courts.”