On Remand from the Alabama Supreme Court

McMILLAN, Presiding Judge.
The Alabama Supreme Court, in Gwin v. State, 808 So.2d 65 (Ala.2001), reinstated the circuit court’s judgment of conviction and sentence. We now address the appellant’s remaining claims — that his guilty plea was improperly accepted by the trial court, because the record does not contain a colloquy and because the trial court failed to determine that a factual basis for the plea existed. Specifically, he argues that the trial court did not comply with the requirements set out in Rule 14.4, Ala. R.Crim.P., and because he was not given a copy of Form 68, Ala.R.Crim.P. and that, without the appropriate colloquy, sentencing advice, and factual basis, his plea was not intelligent or voluntary.
The record indicates that neither of these claims were presented to the trial court; therefore, neither claim is preserved for appellate review. Robinson v. State, 730 So.2d 252, 253 (Ala.Crim.App.1998). The record filed with this court does not contain an objection, a motion to withdraw the guilty plea, or a motion for new trial. Claims relating to the volun-tariness of a guilty plea must be presented to the trial court, Anderson v. State, 668 So.2d 159 (Ala.Crim.App.1995), or they are waived on appeal.
The appellant included as exhibits to his appellate brief a purported case action summary entry and a “Motion to Set Aside Plea Due to Lack of Jurisdiction and Motion to Include in the Record on Appeal.” However, the motion does not contain the ground he now argues on appeal. Moreover, documents submitted with appellate briefs are not a part of the record on appeal. Chandler v. State, 677 So.2d 1286 (Ala.Crim.App.1996). It is the duty of the appellant to file a correct record, Davis v. State, 549 So.2d 577 (Ala.Crim.App.1989); this court will not presume error from a silpnt record. Robinson v. State, 444 So.2d 884 (Ala.1983).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.