662 S.E.2d 615

**Dexter Antonio WILLIAMS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 4398.

Court of Appeals of South Carolina.

Submitted May 1, 2008.

Decided June 5, 2008.

Assistant Appellate Defender M. Celia Robinson, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Brian T. Petrano, of Columbia, for Respondent.

WILLIAMS, J.

Dexter Antonio Williams (Williams) appeals the Post–Conviction Relief (PCR) judge's finding that Williams' trial counsel was not ineffective for failing to move to exempt Williams from sexual offender status and for not advising Williams he would be required to register as a sexual offender unless the trial court ordered otherwise. We affirm.

## FACTS

Williams pled guilty to kidnapping, two counts of armed robbery, possession of a stolen motor vehicle, failure to stop for a blue light, and possession of a gun by a person under the age of twenty-one. Pursuant to section 23–3–430(C)(15) of the South Carolina Code (2007), a defendant over the age of eighteen who pleads guilty to kidnapping will be classified as a sexual offender unless the trial court makes a finding on the record that the kidnapping did not include a criminal sexual offense. Williams' trial counsel did not ask the trial court to make a determination as to the nature of the kidnapping.

Subsequent to Williams' guilty plea, Williams filed a PCR application claiming ineffective assistance of counsel. A PCR hearing was held, and Williams argued his trial counsel was ineffective for failing to ask the trial court to make a finding of fact on the record that Williams' participation in the kidnapping was not sexual in nature, which would relieve Williams of having to register as a sexual offender upon his release from prison. The PCR judge held registration on the sexual offender registry was a collateral consequence of Williams'

sentence, and Williams' application was dismissed. Williams then filed a petition for writ of certiorari, which this Court granted.[1] This appeal follows.

## STANDARD OF REVIEW

■ "This Court will sustain the PCR judge's factual findings and conclusions regarding ineffective assistance of counsel if there is any probative evidence to support those findings." *Hutto v. State,* 376 S.C. 77, 80, 654 S.E.2d 846, 847 (Ct.App.2007).

## LAW/ANALYSIS

■ Williams argues his trial counsel was ineffective: (1) for failing to move to exempt Williams from sexual offender status because the kidnapping charge against him was not sexual in nature; and (2) for failing to advise Williams he would be required to register as a sexual offender unless the trial court ordered otherwise. We disagree.

To establish a claim of ineffective assistance of counsel, a PCR applicant must prove trial counsel's performance was deficient, and due to this deficient representation, the applicant was prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This same standard applies to a guilty plea. *Alexander v. State,* 303 S.C. 539, 542, 402 S.E.2d 484, 485 (1991).

■ "The imposition of a sentence may have a number of collateral consequences, however, and a plea of guilty is not rendered involuntary in a constitutional sense if the defendant is *not* informed of the collateral consequences." *Brown v. State,* 306 S.C. 381, 382–83, 412 S.E.2d 399, 400 (1991) (emphasis in original). Thus, a defendant need not be advised of all collateral consequences of his or her plea in order for the plea

---

1. In granting Williams' petition, we requested the parties to brief whether the PCR court was correct for finding Williams' counsel was not ineffective for failing to move to exempt Williams from sexual offender status and whether the PCR court was correct for finding Williams' counsel was not ineffective for failing to advise Williams that he would be required to register as a sexual offender unless the trial court ordered otherwise. These issues are our sole appellate considerations.

to withstand constitutional scrutiny. *Id.; see also Cuthrell v. Dir., Patuxent Inst.,* 475 F.2d 1364, 1365–66 (4th Cir.1973) ("[B]efore pleading, the defendant need not be advised of all collateral consequences of his plea...."). "[A]side from two non-collateral matters specifically listed in the PCR Act, PCR is a proper avenue of relief *only when the applicant mounts a collateral attack challenging the validity of his conviction or sentence ...." Al–Shabazz v. State,* 338 S.C. 354, 367, 527 S.E.2d 742, 749 (2000) (emphasis in original).

The pivotal question of whether Williams' counsel was ineffective for failing to ask the trial court to make a finding on the record that Williams' kidnapping charge was not sexual in nature, therefore, depends on whether registration on the sexual offender registry is a collateral consequence of sentencing. If registration is a collateral consequence of sentencing, Williams' trial counsel cannot be viewed as ineffective for failing to advise Williams of the registration requirement, and by implication, trial counsel cannot be deemed ineffective for failing to move to exempt Williams from sexual offender status.

■■■ "The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Cuthrell,* 475 F.2d at 1366. Therefore, a consequence that the defendant must be informed of is one which impacts the sentence imposed on the defendant, and as such, is a direct consequence. *See State v. Armstrong,* 263 S.C. 594, 598, 211 S.E.2d 889, 891 (1975) (stating the defendant must be apprised of the direct consequences, which are the direct and immediate results, of his guilty plea).

■■■ Registration on the sexual offender registry has no effect on the range of Williams' punishment. Registration is not intended to punish sex offenders, but rather the purpose of requiring registration is "to protect the public from those sex offenders who may re-offend and to aid law enforcement in solving sex crimes." *State v. Walls,* 348 S.C. 26, 31, 558 S.E.2d 524, 526 (2002). The South Carolina Sex Offender Registry Act (the Act) was created to be a non-punitive act, and our Supreme Court has found that "the Act is not so

punitive in purpose or effect as to constitute a criminal penalty." *Id.* Thus, the consequence of registering as a sexual offender pursuant to the Act is regulatory in nature and is imposed to promote public safety. Accordingly, we agree with the PCR judge's finding that registration on the sexual offender registry is a collateral consequence of Williams' sentencing. Consequently, Williams' trial counsel was not ineffective for failing to request the trial court to make a determination as to whether the kidnapping was sexual in nature.

## CONCLUSION

Based on the foregoing, the decision of the PCR judge is **AFFIRMED.**[2]

SHORT, J., and CURETON, A.J., concur.

---

**2.** We decide this case without oral argument pursuant to Rule 215, SCACR.