ON WRIT OF CERTIORARI

DICKINSON, Justice,
for the Court.
¶ 1. John Anthony Magyar claims that, prior to pleading guilty to the crime of sexual battery, he was not told he would be required to register as a sex offender. The trial court summarily dismissed his motion for post-conviction relief without a hearing. The Court of Appeals affirmed that dismissal, we granted certiorari, and we now affirm.
BACKGROUND FACTS AND PROCEEDINGS
¶ 2. After John Anthony Magyar was indicted by a Washington County grand jury for one count of sexual battery, he filed a “petition to enter plea of guilty.” His plea petition disclosed the maximum and minimum penalties for the crime of sexual battery, but did not disclose that he would be required to register as a sex offender, and the trial judge did not mention it during the plea colloquy. The trial judge accepted Magyar’s guilty plea and ordered a pre-sentence investigation, following which he sentenced Magyar to twenty years in prison, with ten years suspended, followed by five years supervised probation. Additionally, the judge ordered Magyar to register as a sex offender.
*810 ¶ 3. Magyar filed a motion for post-conviction relief in the trial court, asserting that his plea and sentence should be set aside for various reasons, including that his guilty plea was not freely, voluntarily and intelligently made, and that neither the trial judge nor his attorney informed him that he would be required to register as a sex offender.
¶ 4. After the trial court summarily denied his motion without a hearing, Magyar filed a “motion to reconsider motion for post-conviction relief,” which the trial court treated as a Rule 60 motion and denied. Magyar appealed. The Court of Appeals affirmed. Magyar v. State, No.2007-CA-00740, 18 So.3d 851, 2008 WL 4308220 (Miss.Ct.App. Sept.23, 2008). Although we find no error in the Court of Appeals’ opinion or disposition of this case, we granted certiorari to address the statutory mandate that trial judges inform criminal defendants — prior to accepting their guilty pleas — of the requirement to register as a sex offender.
ANALYSIS
¶ 5. In his petition for post-conviction relief, Magyar asserted, inter alia, that he should have been allowed to withdraw his guilty plea because the trial court did not inform him, prior to accepting his guilty plea, that he would be required to register as a sex offender. The trial court denied Magyar’s petition without a hearing. Because the question presented is legal, rather than factual, we analyze it de novo. Brown v. State, 731 So.2d 595, 598 (Miss.1999).

Miss. Code Ann. § 15-33-39

¶ 6. Section 45-33-39(1) requires a trial judge — prior to accepting a guilty plea from a defendant charged with a sex crime[1] — to provide the defendant written notification of the registration requirement and obtain “a written acknowledgment of receipt” of the written notification. Specifically, the statute provides, in part:
The court shall provide written notification to any defendant charged with a sex offense as defined by this chapter of the registration requirements of Sections 45-33-25 and 45-33-31. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant. The court shall obtain a written acknowledgment of receipt on each occasion.
Miss.Code Ann. § 45-33-39(1) (Rev.2004).
¶ 7. It should come as no surprise that few states have statutes similar to Section 45-33-39(1). A basic tenet of American government is judicial independence, and every state has a judicial branch of government separate from its legislative branch. We hold firm to the principle that Mississippi’s legislative branch of government may not, through procedural legislation, control the function of the judiciary. See Miss. Const, art. 1, § 1 (“The powers of the government of the State of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.”); Miss. Const, art. 1, § 2 (“No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others.”); Miss. Const, art. 6, § 144 (“The judicial power of the State shall be vested in a Supreme Court and such other courts as are provided for in this Constitution.”). Stated another way, this Court cannot — consistent with the Mississippi Constitution — relinquish to the *811 Legislature the duties and powers constitutionally imposed upon the Supreme Court.
¶ 8. Indeed, our subservience to legislation that mandates what our trial judges must say to a defendant in a courtroom during a plea hearing would be tantamount to both an abdication of our judicial duty, as well as tacit approval of legislative usurpation of the judicial prerogative. Thus, we hold today that Mississippi Code Annotated Section 45-33-39(1) confers no right on a criminal defendant charged with a sex crime and imposes no duty on our trial judges.[2] Although we find that a trial judge is not required, prior to accepting a guilty plea, to inform a defendant of the sex offender registration laws, we must still decide whether the registration requirement is a “material” consequence of a guilty plea, or a “collateral” consequence only.

Material and collateral consequences

¶ 9. The decision to plead guilty has consequences. Some are material, and some are collateral. Material consequences are those of which a defendant must be aware in order to knowingly and intelligently waive the numerous substantive and procedural rights guaranteed by the constitution to a defendant in a criminal case. A defendant must be fully informed of the material — or direct — consequences prior to entering a plea of guilty; conversely, there is no requirement that a defendant be informed of the collateral consequences.[3]
¶ 10. For instance, upon conviction of certain crimes,[4] a person loses the privilege to vote. And supervised probation— which accompanies most felony sentences — will result in substantial personal restrictions and reporting requirements. Furthermore, and more on point here, conviction of a felony carries with it a certain societal stigma. Some organizations, employers, and clubs restrict membership and employment to persons who have never been convicted of a felony. Our system of justice does not expect — and the Constitution does not require — our trial judges to inform defendants of these or other collateral consequences of pleading guilty to a felony.
¶ 11. We decide today, as an issue of first impression in Mississippi, whether the requirement to register as a sex offender is a material or collateral consequence of a guilty plea. After due consideration, we find that the requirement to register as a sex offender is a collateral *812 consequence of a guilty plea, and the trial court will not be put in error for failing to advise Magyar of the registration requirements before accepting his guilty plea. Although we do not recognize the law of other states as controlling precedent, our decision today is nevertheless aided by the viewpoint of virtually every other jurisdiction to address the question.[5]
CONCLUSION
¶ 12. We hold today that judicial rules — such as the rules of evidence, civil procedure, criminal procedure, and professional conduct — neither come from the Legislature nor require legislative approval. Accordingly, we hold that Section 45-33-39(1) confers no procedural right on a defendant in a criminal case and imposes no judicial duty on a trial judge. We also hold that the duty to register as a sex offender is a collateral consequence of a guilty plea. All other aspects of the decision of the Court of Appeals in this matter are adopted herein. Accordingly, we affirm the judgments of the Court of Appeals and the Washington County Circuit Court.
¶ 13. AFFIRMED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY. KITCHENS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR AND PIERCE, JJ. CHANDLER, J„ NOT PARTICIPATING.

. See Miss.Code Ann. §§ 45-33-25 & -31 (Rev.2004).

. Our decision today is no indication that we disapprove of the Legislature's idea. To the contrary, the matter has been referred to our rules committee which has taken the provisions of the statute under advisement and will submit it to the normal process associated with the enactment of rules affecting the judiciary.

. Although Mississippi has no case directly on point, we find persuasive the reasoning of our sister state, Alabama. See Robinson v. State, 730 So.2d 252, 254 (Ala.Crim.App.1998) (" 'An accused is entitled to information concerning the direct consequences of his plea. He is not entitled to information concerning all collateral effects, or future contingencies that might arise.'") (internal citations omitted). See also Nollette v. State, 118 Nev. 341, 46 P.3d 87, 89 (2002) ( "[T]he totality of the circumstances must demonstrate that a defendant pleaded guilty with knowledge of the direct consequences of his plea ... Because collateral consequences of a criminal conviction are often limitless, unforeseeable or personal to the defendant, requiring an advisement with respect to every conceivable collateral consequence ‘would impose upon the trial court an impossible, unwarranted and unnecessary burden.’'') (internal citations omitted).

.Crimes which disqualify a person as an elector are murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement and bigamy. Miss. Const. art. 12, § 241. See also Miss.Code Ann. § 23-15-19 (Rev.2007).

. See, e.g., Robinson v. State, 730 So.2d 252, 254 (Ala.Crim.App.1998) (sex offender registration is a collateral consequence of a guilty plea); State v. Young, 112 Ariz. 361, 542 P.2d 20, 22 (1975) (same); People v. Montaine, 7 P.3d 1065, 1067 (Colo.Ct.App.1999) (same); State v. Scott, 2003 WL 21204469 at *1 (Del.Super.Ct. May 19, 2003) (same); State v. Partlow, 840 So.2d 1040, 1043-44 (Fla.2003) (same); Foo v. State, 106 Hawai'i 102, 102 P.3d 346, 358 (2004) (same); Ray v. State, 133 Idaho 96, 982 P.2d 931, 935 (1999) (same); People v. Taylor, 203 Ill.App.3d 636, 149 Ill.Dec. 115, 561 N.E.2d 393, 393 (1990) (registration requirement is not penal in nature, and thus not part of the sentencing procedure); State v. Jefferson, 759 N.W.2d 3 (Table), 2008 WL 4531454 at *3 (Iowa App. Oct. 1, 2008) (sex offender registration is a collateral consequence of a guilty plea); State v. Legg, 28 Kan.App.2d 203, 13 P.3d 355, 358 (2000) (same); Carpenter v. Commonwealth, 231 S.W.3d 134, 137 (Ky.Ct.App.2007) (same); Commonwealth v. Shindell, 63 Mass.App.Ct. 503, 827 N.E.2d 236, 238 (2005) (same); In re Lyons, 2000 WL 33389824 at *1 (Mich.App. Dec. 19, 2000) (same); Ramsey v. State, 182 S.W.3d 655, 659 (Mo.Ct.App.2005) (same); State v. Torres, 254 Neb. 91, 574 N.W.2d 153, 155 (1998) (registration requirements are separate and collateral to any sexual offense which the act affects); Nollette v. State, 118 Nev. 341, 46 P.3d 87, 90 (2002) (sex offender registration is a collateral consequence of a guilty plea); Doe v. Poritz, 142 N.J. 1, 662 A.2d 367, 406 n. 18 (1995) (same); State v. Moore, 135 N.M. 210, 86 P.3d 635, 643 (2004) (same) People v. Clark, 261 A.D.2d 97, 704 N.Y.S.2d 149, 151 (N.Y.App.Div.2000) (same); Davenport v. State, 620 N.W.2d 164, 166 (N.D.2000) (same); State v. Omiecinski, 2009 WL 626114 at *4 (Ohio App. March 12, 2009)(same); Rodriguez-Moreno v. State, 208 Or.App. 659, 145 P.3d 256, 259 (2006) (same); Commonwealth v. Leidig, 598 Pa. 211, 956 A.2d 399, 406 (2008) (same); Williams v. State, 378 S.C. 511, 662 S.E.2d 615, 618 (2008) (same); State v. Timperley, 599 N.W.2d 866, 869 (S.D.1999) (same); Ward v. State, 2009 WL 113236 at *9, (Tenn. Crim.App. January 14, 2009) (same); State v. Ward, 123 Wash.2d 488, 869 P.2d 1062, 1076 (1994) (same); State v. Bollig, 232 Wis.2d 561, 605 N.W.2d 199, 206 (2000) (the duty to register is a collateral consequence of a guilty plea, because it does not constitute punishment); Johnson v. State, 922 P.2d 1384, 1387 (Wyo.1996) (trial court committed no error by failing to advise a defendant about the registration requirement).