# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01986-COA

RAVEL WILLIAMS A/K/A RAVELL DEON WILLIAMS        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/2013 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AZKI SHAH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | PETITION FOR RELIEF FROM DUTY TO REGISTER AS A SEX OFFENDER DISMISSED |
| DISPOSITION: | AFFIRMED: 04/14/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J, ROBERTS AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Ravel Deon Williams filed a petition for relief from registration as a sex offender in Coahoma County Circuit Court. Williams argued the statute, which compels certain convicted felons to register as sex offenders, violated the Ex Post Facto Clause of the Mississippi Constitution. In the alternative, Williams argued he met one of the exemptions from registration as provided by statute, and did not have to register. The circuit court denied Williams's petition, finding the statute did not violate the Constitution, and no exemption

applied to Williams. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. The State indicted Williams for three counts of statutory rape on December 15, 1992. The indictment alleged Williams committed three separate sexual acts with Jane Smith.[1] During each act, Smith was under the age of fourteen, while Williams was between fourteen and sixteen years old.

¶3. Williams entered a guilty plea, and received a sentence of twelve years, with six years suspended. Williams served his prison sentence, and obtained a discharge from prison on February 21, 1995. Williams continued with post-release supervision until receiving a discharge of obligations on February 15, 2000.

¶4. After his release from probation, Williams was required to register as a sex offender due to the nature of the crimes he had committed. Williams complied with the registration requirements under Mississippi Code Annotated section 45-33-25 (Supp. 2014). Though he registered, Williams filed a petition for relief from the registration obligations.

¶5. Williams first argued the registration requirements violated the Ex Post Facto Clause in Article 3, Section 16 of the Mississippi Constitution. Williams alternatively contended that if the requirement did not offend the Constitution, then he met an exemption provided

---

[1] Due to the nature of the offenses and the age of the victim at the time of the crime, an alias is used.

by Mississippi Code Annotated section 45-33-23(h)(ii) (Supp. 2014).[2]

¶6.    The State opposed the petition arguing the statute did not violate any Ex Post Facto Clause, and Williams did not meet the exemption in section 45-33-23(h)(ii).  The State further argued that Williams also failed to meet other statutory exemptions in Mississippi Code Annotated section 45-33-47 (Supp. 2014), which Williams did not assert on appeal. The circuit court agreed with the State, and denied Williams's petition.  Williams filed this timely appeal, and asserts the same arguments.

## STANDARD OF REVIEW

¶7.    This Court reviews the question of whether the application of a statute constitutes an ex post facto violation as a question of law, which requires a de novo standard of review. *Gray v. State*, 13 So. 3d 283, 286 (¶5) (Miss. Ct. App. 2008).  An appellate court reviews questions of law under "a de novo standard of review and will only reverse for an erroneous interpretation or application of law."  *Rice v. Merkich*, 34 So. 3d 555, 557 (¶7) (Miss. 2010).

## ANALYSIS

I.    *Whether the sex-offender-registration statute violates the Ex Post Facto Clause of the Mississippi Constitution.*

¶8.    Williams argues the sex-offender-registration requirement violates the Ex Post Facto Clause of the Mississippi Constitution.  Williams contends the registration requirements,

---

[2] Williams's brief outlines his arguments under section 45-33-23(g)(ii); however, legislative amendments renumbered the section as 45-33-23(h)(ii), but did not substantively change the section.  For clarity, we will refer to the current number scheme.

3

which limit his job prospects, housing options, and recreational and daily activities, serve as a punitive measure in addition to his original sentence. Further, any violation of the registration requirements may result in a sentence of up to six months in jail, and a fine up to $1000, which essentially constitutes a new punishment according to Williams.

¶9. The Mississippi Constitution concisely states: "Ex post facto laws, or laws impairing the obligation of contracts, shall not be passed." Miss. Const. art. 3, § 16. The Ex Post Facto Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Flowers v. State*, 35 So. 3d 516, 518 (¶5) (Miss. 2010) (quoting *Puckett v. Abels*, 684 So. 2d 671, 673 (Miss. 1996)).

¶10. "An ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of the crime." *Ross v. Epps*, 922 So. 2d 847, 849 (¶5) (Miss. Ct. App. 2006) (quoting *Knowles v. State*, 708 So. 2d 549, 553 (¶6) (Miss. 1998)). Thus, any law that serves to levy a punishment in addition to or different from an offender's original sentence may violate the ex post facto prohibition.

¶11. The Mississippi Supreme Court addressed ex post facto concerns of the sex-offender-registration statute in *Garrison v. State*, 950 So. 2d 990, 992 (¶4) (Miss. 1996). In *Garrison*, the court analogized the Mississippi sex-offender-registration statute to the similar Alaskan statute upheld by the United States Supreme Court in *Smith v. Doe*, 538 U.S. 84, 92 (2003).

¶12. The *Smith* Court ruled the Alaskan statute did not violate the Ex Post Facto Clauses of either the United States Constitution or the state constitution because the registration

requirement served as a civil, not a punitive, measure. *Id.* *Smith* also found the retroactive application of the statute to offenders convicted prior to the passage of the statute did not violate the Ex Post Facto Clause. *Id.* at 105-06.

¶13. In finding *Doe* applicable to the Mississippi statute, the *Garrison* court found the requirements prescribed by the Mississippi statute also constituted "a civil, non-punitive regulatory scheme." *Garrison*, 950 So. 2d at 992 (¶4). Thus, the court found the argument of the punitive nature or retroactive application of the statute in the ex post facto context to be without merit. *Id.*

¶14. Williams urges this Court to reconsider the holdings of *Garrison* and *Doe* by finding the statutory scheme violates the Ex Post Facto Clause through its punitive nature, and unconstitutional retroactive application. However, we decline to do so without an intervening decision by either the United States Supreme Court or Mississippi Supreme Court. For these reasons, we find this issue without merit.

> II. *Whether Williams meets the criteria in Mississippi Code Annotated section 45-33-23(h)(ii) for exemption from registration as a sex offender.*

¶15. Williams alternatively argues that if this Court finds the sex-offender-registration requirement constitutional, this Court should also determine that Williams meets an exemption to the registration requirement outlined in section 45-33-23(h)(ii).

¶16. Section 45-33-23(h)(ii) states:

> (h) "Sex offense" or "registrable offense" means any of the following offenses:
> . . . (ii) Section 97-3-65 relating to rape; however, conviction or adjudication

5

under Section 97-3-65(1)(a) when the offender was eighteen (18) years of age or younger at the time of the alleged offense, shall not be a registrable sex offense[.]

Miss. Code Ann. § 45-33-23(h)(ii). Though this section merely provides the definition for a registrable offense, the section states the registration requirement would not apply to an offender eighteen years or younger who committed a crime under Mississippi Code Annotated section 97-3-65(1)(a). Williams argues this Court should apply the exemption to section 97-3-65(1), under which he was convicted, rather than the current section 97-3-65(1)(a).

¶17. The current section 97-3-65(1)(a) states:

(1) The crime of statutory rape is committed when: (a) Any person seventeen (17) years of age or older has sexual intercourse with a child who: (i) Is at least fourteen (14) but under sixteen (16) years of age; (ii) Is thirty-six (36) or more months younger than the person; and (iii) Is not the person's spouse[.]

Miss. Code Ann. § 97-3-65(1)(a) (Rev. 2014).

¶18. However, section 97-3-65(1)(a) did not exist in its current form in 1991 when Williams committed these offenses. The statute applicable to Williams's case, section 97-3-65(1), stated:

(1) Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen (14) years, upon conviction, shall be sentenced to death or imprisonment for life in the State Penitentiary; provided, however, any person thirteen (13) years of age or over but under eighteen (18) years of age convicted of such crime shall be sentenced to such term of imprisonment as the court, in its discretion, may determine. In all cases where the child is under the age of fourteen (14) years it shall not be necessary to prove penetration of the child's private parts where it is shown the private parts of the child have been lacerated or torn in the

6

attempt to have carnal knowledge of the child.

Miss. Code. Ann. § 97-3-65(1) (Supp. 1985). Williams urges this Court to apply section 45-33-23(h)(ii)'s exemption to the 1991 version of 97-3-65(1) because neither subsection (a) nor subsection (b) existed at the time. However, the substance of the crimes Williams committed falls under the current section 97-3-65(1)(b), not subsection (a).

¶19. The current section 97-3-65(1)(b) states: "(1) The crime of statutory rape is committed when: . . . (b) A person of any age has sexual intercourse with a child who: (i) Is under the age of fourteen (14) years; (ii) Is twenty-four (24) or more months younger than the person; and (iii) Is not the person's spouse." Miss. Code Ann. § 97-3-65(1)(b) (Rev. 2014). While both section 97-3-65(1)(a) and section 97-3-65(1)(b) apply to offenders under eighteen, section 45-33-23(h)(ii) does not exempt those offenders whose victims were under fourteen years old.

¶20. Section 97-3-65(1)(a) applies to a rape involving a victim between fourteen and sixteen years old. Additionally, section 97-3-65(1)(a) encompasses offenders seventeen years or older. The circumstances of Williams's crimes meet neither of these requirements. The intent of the exemption clearly distinguishes the two offenses, and does not encompass the crimes detailed in the 1991 statute. Thus, Williams's crimes constituted a registrable offense, subject to the registration requirements.

¶21. Once an offender's crime qualifies as a registrable offense, Mississippi Code Annotated section 45-33-47 provides the only relief from registration. Section 45-33-47

7

separates registrable offenses into distinctive tiers, which details exemptions that each offense may qualify for, if any. Section 45-33-47 categorizes rape as a tier-three crime, which subjects the offender to lifetime registration. Miss. Code Ann. § 45-33-47(2)(d)(1).

¶22. However, a tier-three offender may still receive an exemption from lifetime registration. An offender fourteen or older whose crime was adjudicated in youth court may be relieved of registration obligations after twenty-five years of registration. Miss. Code Ann. § 45-33-47(2)(g). The circuit court alluded to the possibility that Williams qualified for this exemption, but Williams failed to meet the twenty-five-year registration requirement. Therefore, the circuit court found Williams's petition untimely with regard to section 45-33-47(2)(g).

¶23. Though the State argued on appeal that no registration exemption in section 45-33-47 currently applied, Williams failed to assert any exemption other than section 45-33-23(h)(ii). Therefore, this issue is not properly before this Court. Because Williams does not meet an exemption to the registration requirements, the circuit court correctly dismissed his petition. We find this issue has no merit.

¶24. **THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**