# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00212-COA

**DUANE E. ROBERTS A/K/A DUANE ROBERTS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:                  01/12/2018
TRIAL JUDGE:                              HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       JOE S. DEATON III
                                               MATTHEW E. RUTHERFORD
ATTORNEYS FOR APPELLEE:          LORA E. HUNTER
                                               ANTHONY L. SCHMIDT JR.
NATURE OF THE CASE:                 CIVIL - OTHER
DISPOSITION:                             AFFIRMED - 05/28/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.    Duane Roberts appeals the Rankin County Circuit Court's denial of his petition for relief from the duty to register as a sex offender.  Finding no error, we affirm.

## FACTS

¶2.    In 1985, a circuit court jury convicted Roberts of sexual battery of a child under twelve years old pursuant to Mississippi Code Annotated section 97-3-95 (Supp. 1984). Roberts was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections.  Roberts filed a direct appeal, and the Mississippi Supreme Court affirmed Roberts's conviction.  *Roberts v. State*, 502 So. 2d 625 (Miss. 1987).  In January 1987,

Roberts began serving his twelve-year sentence. After serving approximately five and a half years, Roberts was released for good behavior in June 1992.

¶3. In March 2006, as a result of new legislation, the State notified Roberts that he had to register as a sex offender for his 1985 sexual battery conviction. Since that time, Roberts has maintained his registration as a sex offender with the Mississippi Department of Public Safety.

¶4. In July 2017, Roberts filed a petition for relief from the duty to register as a sex offender. Following a hearing, the circuit court denied Roberts's petition for relief. Roberts timely filed a notice of appeal.

## STANDARD OF REVIEW

¶5. "An appellate court reviews questions of law under 'a de novo standard of review and will only reverse for an erroneous interpretation or application of law.'" *Williams v. State*, 161 So. 3d 1124, 1126 (¶7) (Miss. Ct. App. 2015) (quoting *Rice v. Merkich*, 34 So. 3d 555, 557 (¶7) (Miss. 2010)). Appellate courts also review the interpretation of statutes de novo. *Tillis v. State*, 43 So. 3d 1127, 1131 (¶9) (Miss. 2010).

## ANALYSIS

¶6. Roberts asserts that the circuit court erred in denying his petition for relief from the duty to register as a sex offender pursuant to Mississippi Code Annotated section 45-33-47 (Rev. 2015). Roberts raises two related issues: (1) whether the State had a duty to notify him of his obligation to register as a sex offender; and (2) whether the doctrine of laches estops the State from applying section 45-33-47(2)(f) against him because the State failed to notify

him of the duty to register as a sex offender in a timely manner. The State contends that Roberts did not raise these two issues in circuit court and that this Court should not consider them. We agree. "One of the most fundamental and long established rules of law in Mississippi is that [an appellate court] will not review matters on appeal that were not raised at the trial court level." *Estate of Myers v. Myers*, 498 So. 2d 376, 378 (Miss. 1986). Because Roberts did not raise the issues of a purported duty to notify and laches in the circuit court, the issues are procedurally barred from consideration, and we will not address them. *See Lewis v. Forest Family Practice Clinic P.A.*, 124 So. 3d 654, 658 (¶16) (Miss. 2013).

¶7.     We will, however, address Roberts's assertion that the circuit court erred in denying his petition for relief. In asserting that the circuit court erred, Roberts "adopts and incorporates by reference" his underlying petition for relief from the duty to register as a sex offender and supporting memorandum. In his petition for relief and memorandum, Roberts contended that he qualifies for relief from section 45-33-47(2)(d)'s lifetime sex-offender-registration requirement because he "[m]eets all of the [r]equired [e]lements" of section 45-33-47(3) and Mississippi Administrative Code section 31-2:12.24 (Rev. 2013).[1] We find that

---

[1] Section 45-33-47 sets forth the requirements for relief from sex-offender registration. Specifically, section 45-33-47(3) sets forth the standards for the trial court to follow in deciding petitions for relief. Mississippi Administrative Code section 31-2:12.24 provides that:

> The offender may petition the court of the sentencing jurisdiction for relief from the duty to register *as set forth in Miss. Code Ann. § 45-33-47* if the offender has maintained registration in Mississippi for *not less than* ten (10) years from the most recent date of occurrence of one of the following:
>
> a. release from prison,

3

Roberts is subject to lifetime registration under section 45-33-47(2)(f) rather than section 45-33-47(2)(d), so we disagree.

¶8.     The Mississippi Sex Offenders Registration Law requires "[a]ny person having a permanent or temporary residence in this state or who is employed or attending school in this state who has been convicted of a registrable offense in this state . . . [to] register with the responsible agency and the Mississippi Department of Public Safety." Miss. Code Ann. § 45-33-25(1)(a) (Rev. 2015). "Mississippi Code Annotated section 45-33-47 provides the only relief from [sex-offender] registration." *Williams*, 161 So. 3d at 1128 (¶21). "Section 45-33-47 separates registrable offenses into distinctive tiers, which details exemptions that each offense may qualify for, if any." *Id.*

¶9.     Roberts contends that his conviction, sexual battery of a child under twelve years old, is a "tier three" offense and that he is eligible for relief from his duty to register under section 45-33-47(2)(d). Roberts is correct that sexual battery is typically a "tier three" offense under section 45-33-47(2)(d). But when a sexual battery conviction involves an offender who is twenty-one years of age or older and a victim who is fourteen years of age or younger, section 45-33-47(2)(f), rather than section 45-33-47(2)(d), is applicable. Section 45-33-

---

        b. placement on parole, or

        c. supervised release or probation.

(Emphasis added). To the extent that Roberts contends Mississippi Administrative Code section 31-2:12.24 only requires him to register for ten years prior to petitioning the circuit court for relief from the duty to register, Roberts is incorrect. And to the extent Mississippi Administrative Code section 31-2:12.24 conflicts with Mississippi Code Annotated section 45-33-47, section 45-33-47 controls.

47(2)(f) provides:

> An offender, twenty-one (21) years of age or older, who is convicted of any offense where the victim was fourteen (14) years of age or younger *shall* be subject to lifetime registration and *shall not* be relieved of the duty to register.

(Emphasis added).

¶10.    A jury convicted Roberts of sexual battery of a child under twelve years old.  At the time of the crime, Roberts was at least twenty-one years old.  Accordingly, section 45-33-47(2)(f) applies, and Roberts does not qualify for relief from his lifetime duty to register as a sex offender.  We therefore affirm the circuit court's denial of Roberts's petition for relief from the duty to register as a sex offender.

¶11.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**