# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00689-COA

GERALD MANGUM                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

DATE OF JUDGMENT:            08/31/2021
TRIAL JUDGE:                 HON. ELEANOR JOHNSON PETERSON
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      GERALD MANGUM (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 06/27/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., GREENLEE AND SMITH, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Gerald Mangum appeals the denial of his motion for post-conviction collateral relief

(PCR).  Finding no reversible error, we affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1981, Mangum pled guilty to murder, rape, and burglary of a dwelling.  He was

released on parole in 2017, and he was required to register as a sex offender.  On August 23,

2021, Mangum filed what appears to be his eighth PCR motion claiming that his guilty plea

for rape was involuntary.  He specifically asserted that he was not advised that he would be

required to register as a sex offender.[1]

¶3.    On August 31, 2021, the circuit court denied Mangum's PCR motion. The circuit court found that Mangum had pled guilty before the registration requirement was enacted. However, the circuit court held that retroactive application of the registration requirement to offenders who were convicted before the passage of the relevant statute did not violate the ex post facto clauses of the United States Constitution or the Mississippi Constitution.

¶4.    On September 14, 2021, Mangum filed a motion for reconsideration and a request for factual findings and conclusions of law, suggesting that the circuit court did not make findings or conclusions as to the voluntariness of his plea. On June 29, 2022, the circuit court denied the motion, and Mangum filed a notice of appeal on July 11, 2022.

## STANDARD OF REVIEW

¶5.    "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if the [circuit] court abused its discretion and the decision is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## DISCUSSION

¶6.    Although not raised by either party, we must first address the issue of whether this Court has jurisdiction to consider Mangum's appeal. *See Gordon v. State*, 288 So. 3d 381, 388 (¶14) (Miss. Ct. App. 2019). "A timely-filed notice of appeal is a jurisdictional

---

[1] *Mangum v. State*, 333 So. 3d 634, 635-37 (¶¶3-9) (Miss. Ct. App. 2022) (discussing the lengthy procedural history of Mangum's court filings).

prerequisite to invoking this Court's review." *Id.* (quoting *Massey v. Oasis Health & Rehab of Yazoo City LLC*, 269 So. 3d 1242, 1249 (¶13) (Miss. Ct. App. 2018)).

¶7. Here, the circuit court entered its order denying Mangum's PCR motion on August 31, 2021. Fourteen days later, on September 14, 2021, Mangum filed a motion for reconsideration and for factual findings and conclusions of law. Applying the time standards outlined in Mississippi Rule of Civil Procedure 59(e) and Mississippi Rule of Civil Procedure 52(b), Mangum's motion for reconsideration and findings and conclusions was untimely, and under Mississippi Rule of Appellate Procedure 4(a) and (d), Mangum's time for appeal was not tolled by this untimely motion. Because Mangum did not file his notice of appeal until July 11, 2022, twelve days after the circuit court denied his motion for reconsideration but well past thirty days after the circuit court denied his PCR motion, Mangum's appeal is untimely.

¶8. Nevertheless, "[t]his Court . . . has the ability 'to suspend the requirements of appellate rules in the interest of justice.'" *Gordon*, 288 So. 3d at 388 (¶16); *see also* M.R.A.P. 2(c). "This Court may suspend Rule 4(a) to allow an out-of-time appeal in criminal cases and 'civil' PCR actions." *Id*. Accordingly, we suspend the rule and address the merits of Mangum's appeal.

¶9. Generally, there is a three-year statute of limitations for filing PCR motions. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Mangum filed his motion under Mississippi Code Annotated section 99-39-5(1) (Rev. 2020). This section provides in relevant part:

> Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or

3

probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims: . . . (g) [t]hat his plea was made involuntarily . . . .

Miss. Code Ann. § 99-39-5(1).

¶10.    In his PCR motion and on appeal, Mangum claims that his plea was involuntary because he was not informed of the consequences of his plea. Specifically, Mangum claims that he was not advised that he would be required to register as a sex offender. However, Mangum was not informed of the registration requirement at the time he pled guilty because the requirement did not exist at the time. As noted by the State, the circuit court considered whether this fact served any basis for relief and properly concluded that it did not.

¶11.    In *Williams v. State*, 161 So. 3d 1124 (Miss. Ct. App. 2015), the defendant was indicted for three counts of statutory rape in 1992. *Id*. at 1125 (¶2). Williams pled guilty, served his prison sentence, and was discharged from prison in 1995. *Id*. at (¶3). "After his release from probation [on February 15, 2000], Williams was required to register as a sex offender . . . ." *Id*. at (¶4). He then filed a petition for relief arguing, among other things, that the registration requirements violated the Ex Post Facto Clause in the Mississippi Constitution. *Id*. at (¶¶4-5). The circuit court denied the petition. *Id*. at (¶6). On appeal, this Court noted that "Williams urge[d the] Court to reconsider [precedent] by finding [that] the statutory scheme violate[d] the ex post facto clause through its punitive nature, and unconstitutional retroactive application." *Id*. at 1126 (¶14). However, this Court declined to do so. *Id*. at 1126-27 (¶14).

4

¶12. Even if the registration requirement had been in effect at the time Mangum pled guilty, the circuit court would not have been required to advise Mangum of it. Our supreme court has noted that "[t]he decision to plead guilty has consequences. Some are material, and some are collateral." *Magyar v. State*, 18 So. 3d 807, 811 (¶9) (Miss. 2009). "A defendant must be fully informed of the material-or-direct consequences prior to entering a plea of guilty[.]" *Id*. However, "there is no requirement that a defendant be informed of the collateral consequences." *Id*. "[T]he requirement to register as a sex offender is a collateral consequence of a guilty plea, and [a circuit] court will not be put in error for failing to advise [a defendant] of the registration requirements before accepting [a] guilty plea." *Id*. at 811-12 (¶11). For these reasons, Mangum's plea was not involuntary, and the circuit court properly denied his motion.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., AND McCARTY, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**