WESTBROOKS, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 23. I write separately because I concur in part and dissent in part from the majority. I agree that Olson did not properly provide notice to the Attorney General's Office, and therefore her constitutional claim is procedurally barred. But, I respectfully dissent because I believe that Olson did not meet the burden of proof required by
 
 Rice
 

 [8]
 
 and would affirm the chancellor's decision.
 

 ¶ 24. On appeal, Olson asserts that the chancellor erred in finding that Noah's surname should be changed to Bennett. I disagree. The applicable Mississippi Code Annotated section 93-9-9(1) states that "[i]n the event of court-determined paternity, the surname of the child shall be that of the father, unless the judgment specifies otherwise." Because Bennett's paternity was court-established, Olson's claim focuses on the "unless the judgment specifies otherwise" clause of the statute, and this is the only section of the statute she raises on appeal for this Court's consideration. Olson asserts that the chancellor had the ability to allow Noah to maintain his surname and chose not to.
 

 ¶ 25. The Mississippi Supreme Court has held that where a party to the action contends that the surname should not be "that of the father," then, and in that event, that party must prove by a preponderance of the evidence that it is in the child's best interest that the surname not be "that of the father."
 
 Rice v. Merkich
 
 ,
 
 34 So.3d 555
 
 , 557 (¶ 8) (Miss. 2010). Here, it was Olson's responsibility to prove that it was not in Noah's best interest to take Bennett's surname. In support of her assertions, Olson stated that Bennett had not established himself as a father figure and had been void from Noah's life for eight years. During the hearing, Olson and her mother testified that it might be difficult to change all of Noah's official documents and may subject him to bullying at school. The chancellor held that these reasons, while valid, did not meet the burden of proving that it was in the best interest of Noah for his last name to remain Olson. I agree.
 

 ¶ 26. Olson attempted to differentiate her case from
 
 Rice v. Merkich
 
 , which is binding precedent in Mississippi. However, I find that their cases are analogous. In
 
 Rice
 
 , the father, Scott Merkich, was not present for the child's birth because the mother, Jessica Rice, did not alert him to the birth until days later.
 
 Rice
 
 ,
 
 34 So.3d at 556
 
 (¶ 3). Once paternity was established, Merkich immediately filed for child custody, visitation, a change of surname, and stated that he would pay his child support obligations.
 

 Id.
 

 at (¶ 4). At trial, Rice presented evidence that changing the child's surname would be embarrassing and confusing, therefore, the child should maintain her surname.
 

 Id.
 

 The chancellor did not find the evidence persuasive and ordered that while Rice would maintain custody and receive temporary child support, Merkich would have reasonable visitation and that the child's surname would be changed to Merkich.
 

 Id.
 

 at (¶ 5). Rice appealed.
 

 Id.
 

 On appeal, the Mississippi Supreme Court ruled that Rice failed to prove by a preponderance of the evidence that it was in her child's best interest that her surname not be changed to Merkich and affirmed the chancery court's decision.
 

 Id.
 

 at (¶ 18).
 

 ¶ 27. Olson contrasted her case by highlighting that Bennett was present at the birth and chose not to sign the birth certificate or petition the court for a name change years after the DNA testing, stating that hers and Rice's lives were in "direct contrast." Although, Bennett waited eight years to petition the court for a name change, the same standard of proof was needed to deviate from the statute. Olson, similarly to Rice, only presented evidence that her child's surname should remain as hers to avoid "possible embarrassment and confusion."
 

 Id.
 

 at (¶ 13). Additionally, like in
 
 Rice
 
 , Bennett has attempted to establish himself as a father figure in Noah's life. Bennett began paying child support prior to a court order and, further, Noah lives with Bennett three months out of the year. In both
 
 Rice
 
 and the present case, the chancellor found the potential for confusion and embarrassment insufficient to show the child's surname should not be changed to the father's.
 

 ¶ 28. The majority contends that the chancellor reluctantly ordered Noah's surname to be changed, although the record reflects differently. The chancellor made it very clear at the beginning of the proceedings that there were exceptions to the mandate that the child take the father's surname and was very clear that potential embarrassment and confusion would not be sufficient evidence to overcome the burden. Olson only presented evidence of that kind.
 

 ¶ 29. Additionally, we review this case for abuse of discretion:
 

 This Court will not disturb the factual findings of a chancellor when supported by substantial evidence unless the Court can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard.
 

 Rice
 
 ,
 
 34 So.3d at 557
 
 (¶ 7) (internal quotation mark omitted) (quoting
 
 Powers v. Tiebauer
 
 ,
 
 939 So.2d 749
 
 , 752 (¶ 6) (Miss. 2005) ). The Supreme Court of Mississippi has held that when appellate courts:
 

 [R]eview[ ] a decision that is within the trial court's discretion, it first asks if the court below applied the correct legal standard. If the trial court applied the right legal standard, then this Court will affirm a trial court's decision unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.
 

 Scoggins v. Ellzey Beverages Inc.
 
 ,
 
 743 So.2d 990
 
 , 996 (¶ 27) (Miss. 1999). I do not believe that we can find that the chancellor abused his discretion in following Mississippi Code Annotated section 93-9-9(1) and mandating that Noah's name be changed to the surname of his father's.
 

 ¶ 30. Moreover, the role of this Court is not to substitute our ruling for that of the trial court's. This Court has found that we "cannot substitute its judgment of credibility for that of the trial court, and where the record contains substantial evidence to support the trial court's decision, this Court lacks authority to reverse that decision."
 
 Barnett ex rel. Gordon v. Lauderdale Cty. Bd. of Sup'rs,
 

 880 So.2d 1085
 
 , 1089 (¶ 10) (Miss. Ct. App. 2004). In light of the standard in
 
 Rice
 
 , I believe that there was substantial evidence to support the chancellor's decision.
 

 IRVING, P.J., AND GREENLEE, J., JOIN THIS OPINION.
 

 34 So.3d 555
 
 (Miss. 2010).